YARBROUGH v. ETHEREDGE.

(Court of Civil Appeals of Texas. El Paso. Feb. 19, 1914.)

1. JUDGMENT (§ 315*) — MODIFICATION — GROUNDS.

A decree can only be modified on record evidence, such as a verdict or written instruments contained in the record of the suit in which the decree was rendered.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 613; Dec. Dig. § 315.*]

2. JUDGMENT (§ 315*)—MODIFICATION — RECORD EVIDENCE.

On a motion to modify a decree, so as to permit plaintiff to recover all of the property sued for, instead of a half interest therein, plaintiff introduced in evidence the petition, which alleged that plaintiff owned a one half interest in the property, and that F. owned the other half; that plaintiff had purchased F.'s interest, and afterwards exchanged the property with defendant for other property; that F., pursuant to an arrangement between him and plaintiff, deeded the interest plaintiff had bought from him directly to defendant; and further alleged that defendant was guilty of fraudulent misrepresentations, and prayed that the deeds to defendant from plaintiff and F. be canceled, and that plaintiff have judgment for the property. There was an entry on the trial docket, "Judgment for plaintiff as prayed for in his petition." The decree recited that, it appearing to the court that plaintiff had sued to set aside a deed executed to defendant, and to rescind certain transactions, and recover from defendant an undivided interest in the tract described, and that plaintiff should recover as prayed in his petition, it was therefore decreed that the deed to defendant be canceled. Held, that there was sufficient record evidence to authorize the amendment of the decree as prayed.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 613; Dec. Dig. § 315.*]

3. EVIDENCE (§ 43*)—JUDICIAL NOTICE.

The district court could take judicial notice of a judgment entered by it.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 62–65; Dec. Dig. § 43.*]

Appeal from District Court, Reeves County; S. J. Isaacs, Judge.

Action by N. J. Etheredge against W. C. Yarbrough. From a judgment for plaintiff, defendant appeals. Affirmed.

Ross & Hubbard, of Pecos, Odell & Turner and W. L. Mathis, all of Ft. Worth, Gibson & Callaway, of Dallas, and Homer L. Baughman, of Ft. Worth, for appellant. Ben Randals, of Pecos, and S. W. White, of Van Horn, for appellee.

HARPER, J. On April 20, 1913, appellee, N. J. Etheredge, plaintiff below, filed in the district court of Reeves county a motion to amend or correct a judgment theretofore entered in the same cause. In said motion appellee alleges that on the 20th day of April, 1912, he filed in said cause his second amended original petition, and in said motion substantially sets out said petition, same showing that plaintiff sought the recovery of the entire property therein described. Appellee further alleges in said motion that on a following date, to wit, April 30, 1912, judgment was rendered for plaintiff in all things as prayed for in his petition, but that in preparing and entering the decree, through inadvertence, a mistake was made in the record of said judgment, and it was erroneously recited that plaintiff should recover from defendant (appellant) an undivided one-half interest in and to said property, whereas, it should have recited the recovery of said property in its entirety, and that it was apparent from said erroneous decree that it was intended plaintiff should recover as prayed for in his petition. On May 7, 1913, after due hearing, the trial judge granted said motion, and amended or corrected said judgment, making it conform to the prayer contained in said petition, from which action the defendant appeals to this court.

Appellant's first assignment of error reads: "The only evidence in the record is the first amended original petition of the plaintiff, Etheredge, and the memorandum of the court's table docket, which within themselves are not sufficient to support a judgment correcting the original judgment, allowing the plaintiff to recover all of said property, instead of one-half. There was no judgment or other evidence introduced to show that plaintiff recovered one-half or any other interest in the original judgment as entered. This evidence is fully set out in said petition and the same memorandum, and is insufficient to support a judgment, correcting any other judgment in any particular."

The second and third assignments and all propositions raise substantially the same questions. Plaintiff introduced, in support of his motion: First. The petition upon which the original judgment entry was made, which contained, among others, the following allegations: That plaintiff, Etheredge, owned a one-half interest in certain Tar-

rant county property, describing same; that T. F. Hefner owned the other one-half interest; that plaintiff had purchased said Hefner's interest in order to make the exchange thereafter mentioned; that said property was exchanged to defendant, Yarbrough, for certain other property and consideration; that the said Hefner, by an arrangement between themselves, deeded the interest which plaintiff had bought from him direct to Yarbrough. These allegations are followed by others of fraud and misrepresentations upon the part of Yarbrough, concerning the lands, etc., he was exchanging for the property mentioned, and prayed that the deeds made to Yarbrough by plaintiff and said Hefner be canceled, and that plaintiff have judgment for the Tarrant county property above described; that the cloud upon plaintiff's title by reason of said deed to Yarbrough be removed, and for possession of the said land in Tarrant county. Second. The following entry upon the trial docket made by the court at the time the judgment was granted: "April 20, 1912. Judgment for plaintiff as prayed for in his petition. [Signed] S. J. Isaacs, Judge."

The portions of the judgment sought to be amended, essential to this opinion, are as follows: "On this 30th day of April, 1912, came on to be heard the above-entitled cause, * * * and it appearing to the court that defendant had been duly cited, * * * that plaintiff should recover in this cause as prayed for in his petition, and it appearing to the court that plaintiff has sued to set aside a certain deed executed to the defendant, Yarbrough, for cancellation of notes, * * * to rescind certain transactions with respect to said land, and to recover back from the said Yarbrough the following described land, to wit: An undivided one-half interest in and to a certain tract, etc., * * *

Tarrant county, Tex. [describing same], * * * notes to be canceled [describing them], * * * it is therefore ordered, adjudged, and decreed * * * that the deed described in plaintiff's petition from plaintiff to defendant * * * is hereby canceled, set aside, and held for naught."

[1] Plaintiff's motion to correct said decree contains: First, recital of facts of petition upon which it was rendered; second, allegation that judgment was rendered for plaintiff in all things as prayed for, but that, through inadvertence, a mistake was made in the judgment as entered upon the minutes, in that it was erroneously recited that plaintiff recover * * * an undivided one-half interest in and to said property, * * * whereas, it should have recited the recovery of said property in its entirety, and prayed that the decree be amended accordingly. This is a motion to materially change a decree or record of the court already entered, and only record evidence can be considered (M. & P. Ry. Co. v. Haynes, 82 Tex. 448, 18 S. W. 605); the rule in such case being that amendment or correction may be made if there shall be among the records of the proceedings in the suit in which judgment or decree shall be rendered any verdict or instrument of writing whereby such judgment or decree may safely be amended (Messner v. Hutchins, 17 Tex. 597).

[2, 3] The pleadings, the note on the court's trial docket made by the judge at the time, and the judgment as entered, of which the trial court could take judicial notice, which recites in part of it that the plaintiff should recover judgment as prayed for, are sufficient to authorize the trial court to amend the judgment, as was done. Article 2016, Rev. Civ. Stat. of Texas 1911.

The assignments are therefore overruled, and the judgment of the lower court affirmed.