**Ernestine COLEMAN, Appellant,**

v.

**Earnest A. COLEMAN et al., Appellees.**

**No. 10859.**

Court of Civil Appeals of Texas.

Austin.

July 5, 1961.

Rehearing Denied July 26, 1961.

Ernestine Coleman, Dallas, pro se.

Royal Hart, San Angelo, Grindstaff & Grindstaff, Ballinger, for appellees.

HUGHES, Justice.

This is a suit for divorce brought by appellee, Earnest A. Coleman, against appellant, Ernestine Coleman, who, by cross action impleaded the parents of appellee, C. S. Coleman and wife Lela W. Coleman.

Trial to a jury resulted in judgment awarding appellee Earnest Coleman a divorce, awarding appellant custody of their minor child, an order for her support by the father, settling the community property rights of the parties, and partitioning the community estate, and decreeing a take nothing judgment on appellant's cross action against the parents of Earnest Coleman.

■ The first point is that appellee[1] failed to prove the statutory requirements of residence in order to maintain a divorce suit.

At a pretrial hearing conducted under Rule 166, Texas Rules of Civil Procedure it was agreed and stipulated that appellee possessed the statutory qualifications for bringing a divorce suit.

We do not rest our decision on this stipulation, but on the testimony of appellee and his father that appellee had lived in Miles, which is in Runnels County, since 1951. Mr. Coleman, who also lived in Miles, testified that his son had worked for and with him in Runnels County in various capacities since 1951.

There was no contrary evidence, and no jury issue was presented concerning the residence requirements of appellee.

■ Appellant complains that the court erred in overruling her seventh motion for continuance. We copy the grounds stated in this motion:

"(1) That C. S. Coleman is a necessary witness and is absent; that discrepancies in said witness's testimony by deposition have been discovered too late for another deposition to have been taken by the time of trial; that Defendant expects to prove by said witness that title to property taken in his name is community property of the marriage of Plaintiff and Defendant.

"(2) That Plaintiff and C. S. Coleman, Third Party Defendant, all of Miles, Texas, have failed to bring into Court all records summoned in a subpoena duces tecum served with one dollar tender on said parties on July 11, 1960.

"(3) That Plaintiff has not made his child support and temporary alimony payments in over three months, and that Plaintiff admitted in open Court that he was able to make said payments; that Defendant is in a critical state of finances and is not able to meet the financial demands of counsel.

"(4) That Defendant has had a recurrence of a heart condition which makes it impossible for her to withstand the trial at this time."

The Trial Court did not abuse his discretion in overruling this motion.

We have read the deposition of Mr. C. S. Coleman. Mr. Coleman was a very ill man, yet he testified fully, directly and intelligently to every question. Just what discrepancies in his testimony Appellee has reference to, we are not informed. We have not found any discrepancies in his testimony.

Appellant does not inform us which records Mr. Coleman failed to produce under the subpoena. When certain records were offered during the trial appellant stated:

"I object to the introduction of those because I subpoenaed them and they were not brought in until yesterday, and I have not had an opportunity to prepare my defense."

We assume that these records were the same records mentioned in the motion for continuance.

Appellant offered no medical opinion in support of her illness. She participated in a portion of the trial, and the trial was recessed at her request and because of her absence. This matter, as well as appellant's financial condition, was for the Trial Judge to consider in his discretionary capacity. His ruling was sound and we fully approve it.

Appellant complains of the judgment in decreeing a 743.4 acre tract of land to be the "separate" property of C. S. Coleman.

1. Earnest A. Coleman will be referred to as "appellee".

The jury found that appellee had no interest in this land. The judgment adjudicated that neither he nor appellant had any interest in this land and that it was the "separate property of C. S. Coleman and wife Lela Coleman."

We will not construe the quoted language from the judgment as appellant has no concern with its effect upon property in which she has no interest.

■ Appellant contends that the jury finding that appellee had no interest in the 743.4 acre tract is contrary to the evidence.

The evidence is undisputed that Mr. C. S. Coleman bought this land from D. C. Davis in 1951, for about $58.00 per acre. Both Mr. Coleman and Mr. Davis so testified. All of the purchase price except about $11,000.00 for which a note was given by Mr. Coleman was paid in cash by Mr. Coleman from money he had saved over the years.

Appellant construes the statement by a witness that when the agreement for the purchase of this land was made that $4500.00 "was put up against the deed and abstract as Earnest's money" as meaning that the $4500.00 was money belonging to Earnest Coleman, appellee.

The similarity between the term "earnest money" and the name of appellant's husband is understandably confusing to appellant who is not an attorney, and has no attorney representing her. The evidence conclusively establishes that this similarity is a pure coincidence. There is no evidence that any part of this $4500.00 belonged to appellee.

There is some testimony that appellee paid some of the installments on the $11,000.00 note. Mr. C. S. Coleman testified that to the extent of the payments he was indebted to his son, and that he, the son, acquired no interest in the land by making such payments.

These payments, of themselves, gave appellee no interest in the land. Since there was no agreement, oral or written, that such payments should give him an interest in the land, we need not pursue the matter further.

■ Appellant complains that the court erred in not submitting to the jury an issue inquiring into the ownership of stock in the Coleman Production Credit Association. The court made no adjudication as to the ownership of such stock unless it is by implication adjudicated to belong to C. S. Coleman and wife under the take nothing judgment against appellant on her cross action.

Appellant pleaded "that records of loans of approximately $10,000.00 made by the Coleman Production Credit Association to Cross-Defendant, Earnest A. Coleman, and Third Party Defendant, C. S. Coleman, should also be brought in so that the community interest of Ernestine Coleman and Earnest A. Coleman may be determined, and for a proper adjudication of the community property rights of said parties in said loans, * * *"

Appellee in his sworn inventory listed these shares in an unknown number as being in his name but stated that C. S. Coleman was the beneficial owner. He testified similarly.

The undisputed facts are that shortly after C. S. Coleman bought the land from Mr. Davis that he and his son Earnest borrowed from the Credit Association, on their joint obligation, $10,000.00 for the purpose of buying cattle to stock the land and that they were required to buy such shares of stock in this transaction.

Mr. C. S. Coleman testified unequivocally that he and his son agreed to borrow the money, buy the cattle and divide the profits equally.

Earnest Coleman, while not contradicting his father, testified that as far as he was concerned these cattle as well as the shares of stock all belonged to his father.

It is our opinion that these facts make the stock and the cattle the property of C. S. Coleman and his son as a matter of law, each owning a one half interest therein. Since this transaction occurred during the marriage in issue here, appellant is entitled to a one fourth interest in the shares of stock acquired as indicated.

The jury found that Earnest A. Coleman had no interest in the livestock on his father's 743 acres. The only evidence to support this was appellee's disclaimer. What the effect of this disclaimer may be upon his rights, we need not decide. We do know that it can have no effect upon the rights of appellant.

We note that while the answer of Mr. and Mrs. C. S. Coleman specially denies that appellee has any interest in the 743 acres, Coleman Hardware Company and C and C Motor Company, it does not mention the livestock on the 743 acres.

These cattle are described in the evidence as being 36 cows, 33 calves, 15 heifers, 3 bulls and 1 steer. It is our opinion that appellant owns an undivided one fourth interest in them.

■ Appellant challenges the sufficiency of the evidence to sustain the divorce and complains that no issue was submitted to the jury on the grounds alleged.

The divorce action was based principally on Sec. 4, Art. 4629, providing that a divorce may be decreed where husband and wife have lived apart without cohabitation for seven years.

The parties stipulated at the pretrial hearing that they had lived apart without cohabitation since May 15, 1951, and appellee so testified on the trial. There was no evidence to the contrary.

This suit was originally filed October 19, 1957, however the last amended petition was filed May 14, 1960.

Rule 65, T.R.C.P. provides that an amended pleading takes the place of prior pleadings except as noted, and it is to be considered as the filing of the suit in divorce actions. Bateman v. Bateman, Tex.Civ.App., 188 S.W.2d 866, writ dism., Waco Civil Appeals.

We overrule the complaints of appellant to the court's action in granting a divorce.

Next appellant complains that there is no jury finding to support the judgment in decreeing that appellee had no interest in the 743.4 acre tract.

All the evidence, both oral and documentary, conclusively establishes that appellee does not have and has never had any interest in this property. Appellant points to no evidence to the contrary.

■ The jury found that 320 acres of land in Runnels County described as the W ½ of T & N O R R Co. Sur. No. 72, Abstract 798, originally granted to F. Heine, was purchased by appellee before his marriage to appellant, and the court decreed this land to be his separate property.

Appellant complains that since the pleadings and evidence refer to this land as the W ½ of the F. Heine Survey No. 72, Abstract No. 798, *Runnels County*, the verdict and judgment are erroneous. We disagree. There was only one 320 acre tract of land in controversy. It was clearly identified in the evidence. Neither the Court, the jury nor any of the parties could possibly have been misled by the description used. If deemed necessary by any party, we would amend the description to conform to appellant's objections.

Appellant makes a similar complaint regarding the description of the C & C Motor Company in which appellee was found and adjudicated to have no interest. This Company was in Miles, although the verdict and judgment did not so state. This complaint is frivolous, and we overrule it.

We overrule without discussion a similar complaint regarding the finding and ad-

judication that appellee had no interest in the Coleman Hardware Company, the evidence showing this Company to be located in Miles, Texas.

■ Appellee had sold 12 head of cattle and had in his possession a check for $795.00 given in payment for them. He also retained the cattle under an agreement with the purchaser that the transaction would not be closed until this suit was settled. Appellan complains that the court did not adjudicate ownership of this check. This is correct, but the court did adjudicate ownership of the 12 head of cattle. They were found to be community property and awarded to appellee in dividing the community estate. The complaint is overruled.

■ Appellant complains of the failure of the court to determine and dispose of the community interest in an endowment educational insurance policy for the benefit of the minor child, Joan Kay.

The evidence shows that the premiums for this policy are $8.00 per month, that it has been in force two or three years and that its cash surrender value is not substantial.

We cannot believe that appellant would want this policy cancelled and its small cash value divided. No doubt the Trial Court excluded this policy from partition with the hope that it would be kept in force until it served its purpose. Appellant's interest in this policy is fixed as of the date of divorce, and is set apart for the benefit of Joan Kay so long as such policy is kept in force. If such policy is cancelled, then one half of the cash value of such policy as of the date of divorce is vested in appellant.

■ We overrule appellant's contention that the court erred in decreeing a $2,000.00 separate interest in the house located at 4416 Stanford Street, Dallas, to appellee.

Concededly, appellee invested such amount of his separate funds in this property. Appellant argues that this money lost its separate identity because it was commingled with community funds. There is no evidence of commingling.

Appellant complains that the court erred in setting aside the $2,000.00 separate interest which appellee owns in the Dallas house located at 4416 Stanford Street for the "use and benefit of (appellant) and her minor child, Joan Kay Coleman, so long as (appellant) desires to use the same for her homestead."

Appellant's fear is that the house might be rented or sold and the $2,000.00 separate interest revert to appellee.

We recognize the force of these contingencies, but since appellant has the means to prevent their occurrence we cannot hold an error requiring correction has been committed.

■ Appellant complains that the court erred in treating some of her separate property as community property in partitioning the community estate. The court decreed that appellant should "have and take the following community property, towit: All the household furniture, fixtures, equipment and supplies now in her possession in Dallas County."

Appellant's claim that some of this property was her separate property is not disputed. We think the court simply mislabeled this property in the judgment. It is not shown, and we cannot find, that this erroneous description of the items caused an unfair division of the community property. The total value of these items was $168.00.

The error of the court is manifest, but we are unable to perceive any harm that has been done by it.

■ Appellant complains of the failure of the court to grant her eighth application for a continuance. This motion was made during the progress of the trial. The basis of it was that two checks given by C. S.

Coleman to Mr. Davis in payment for the 743 acres were not produced until offered in evidence.

There was no evidence of any kind that appellant or her husband had any interest in this transaction. Mr. and Mrs. C. S. Coleman need not have offered any evidence to refute appellant's baseless claim to this property. The fact that they did could not possibly have harmed appellant. The motion for continuance was properly denied.

The court decreed the invalidity of a $25,000.00 mortgage in favor of C. S. Coleman on the 320 acres of land owned separately by appellee. Appellant concedes that the mortgage is invalid, but questions the sufficiency of the description of the land. We have previously discussed this subject, and overrule this point.

Appellant's last complaint is that the court erred in qualifying her bill of exception which presented her complaint that the court erred in continuing the trial of this case when she was absent and ill.

Considering this matter without the court's qualification, there was no abuse of discretion. Appellant wired the court that she was ill. There was no corroboration. In view of appellant's record of seeking to postpone this trial, the court properly exercised his discretion in denying the indefinite delay requested.

We reform the judgment of the Trial Court by decreeing appellant an undivided one fourth interest in the cattle on the 743 acre tract and in the stock held by Earnest Coleman in the Coleman Production Credit Association.

As reformed, the judgment of the Trial Court is affirmed.

We assess the costs of appeal, one third against appellees, two thirds against appellant.

Reformed and as reformed, affirmed.