**Hazel G. LEDBETTER, Appellant,**

**v.**

**Paul V. LEDBETTER, Appellee.**

**No. 4330.**

Court of Civil Appeals of Texas.

Waco.

April 22, 1965.

Rehearing Denied May 20, 1965.

Collins, Moore & Putnam, Fred A. Collins, Talmage M. Guy, Houston, for appellant.

Vinson, Elkins, Weems & Searls, M. C. Chiles, and J. D. McDaniel, Houston, for appellee.

McDONALD, Chief Justice.

█ This is an appeal from the entry of a judgment nunc pro tunc correcting a previous judgment, so that such judgment would reflect what was in fact adjudged by the court.

Hazel G. Ledbetter was granted a divorce from Dr. Paul V. Ledbetter on December 3, 1959 by Court of Domestic Relations No. 2, Harris County. The parties entered into an agreement dividing their property, which "Settlement Agreement" was approved by the Court as a part of the divorce decree. The parties owned 2 homes, and in the Settlement Agreement the home in Houston in the River Oaks Addition was awarded to Mrs. Ledbetter; and the home in Chambers County was awarded to Dr. Ledbetter. The Chambers County home was located on 14 contiguous lots. The house itself was located on Lot 7, and the water well for the house was located on Lot 62. After the divorce Dr. Ledbetter lived on the Chambers County property until 1963 when the house burned. He rebuilt the home, and in attempting to secure a loan, the title examination revealed that Lot 7 and Lot 62 had not been recited in the property Settlement Agreement approved by the Court in the 1959 judgment. In June, 1964 Dr. Ledbetter filed motion in the original divorce case, alleging among other things that the Court rendered judgment from the bench that Dr. Ledbetter was to receive the Chambers County property, including Lots 7 and 62; that Mrs. Ledbetter was to receive the River Oaks home in Houston; that the judgment failed to list Lots 7 and 62 with the other contiguous lots; and prayed for entry of judgment nunc pro tunc listing Lots 7 and 62 with the other Chambers County lots.

Trial was before the Court without a jury, which, after hearing, entered judgment nunc pro tunc, finding that the Court in 1959 in open court awarded Mrs. Ledbetter the home in River Oaks in Houston, and awarded Dr. Ledbetter the land and home in Chambers County; that Lots 7 and 62 were omitted from the description of the Chambers County property, in the preparation of the decree by clerical error; and corrected the clerical error by including Lots 7 and 62 in the properties described in the Court decree.

Mrs. Ledbetter appeals on 10 points, contending the Trial Court erred:

1) In finding the omission of lots 7 and 62 from the 1959 decree was a clerical error.

2) In finding the Court, in 1959, judicially determined the division of community property, because the Court in 1959 merely approved a contract of the parties dividing their properties.

3) In finding the Judge in 1959 orally announced an award on the lots in dispute, because there is no evidence or insufficient evidence, to support such finding.

Appellant asserts that the 1959 judgment entered by the Court granted Mrs. Ledbetter a divorce; recites that the parties have filed a "Settlement Agreement" dividing their properties; and then recites "Said Settlement Agreement is therefore approved by the Court as a part of this decree." Appellant further asserts that since the actual omission of Lots 7 and 62 from the description of the Chambers County home occurs in the Settlement Agreement, that the judgment insofar as the property division is concerned is an agreed judgment, and must be governed by the laws relating to contracts rather than the laws relating to judgments; that under the law of contracts, such cannot be modified absent fraud, accident, or mistake; and that Court of Domestic Relations No. 2 of Harris County, under Article 2338–11, Vernon's Ann.Tex.Civ.St., creating such court, is a court of limited jurisdiction and without jurisdiction to reform the parties' contract of property settlement.

We reject all of appellant's contentions. The record reflects that the parties intended

that the River Oaks home go to Mrs. Led-better, and that the Chambers County home go to Dr. Ledbetter. The Chambers County home is located on 14 contiguous lots; the house itself was located on Lot 7; and the water well on Lot 62. It is true that the property settlement agreement omitted Lots 7 and 62 from the legal description of the Chambers County property, but the facts are uncontroverted that it was the judicial decision of the Court in 1959 that Dr. Ledbetter should have the Chambers County property. Judge Compton, who tried the original case and entered the 1959 judgment, testified in the instant proceeding: "I was awarding him (Dr. Ledbetter) the property in Chambers County and her the River Oaks * * *. I didn't know the legal description of any of it."

The fact that the judgment as finally signed and entered did not conform with the adjudication and judgment of the Court from the bench, entitles appellee to judgment nunc pro tunc conforming the judgment to that as rendered by the Court.

 Rule 316, Texas Rules of Civil Procedure provides that mistakes in the record of any judgment may be amended by the judge in open court, according to the truth or justice of the case, provided reasonable notice is given the opposite party of an application to enter a judgment nunc pro tunc. Moreover, courts have inherent power to correct their judgments by entry nunc pro tunc, so as to properly and correctly recite the true action taken. Knox v. Long, 152 Tex. 291, 257 S.W.2d 289; Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040; Mehaley v. Jenkins, Tex.Civ. App. (n. w. h.), 369 S.W.2d 846; Truelove v. Truelove, Tex.Civ.App., Er.Ref., 266 S. W.2d 491; Wiseman v. Zorn, Tex.Civ. App. (n. w. h.), 309 S.W.2d 253.

Under the authorities cited, the Trial Court here had authority by a judgment nunc pro tunc to correct the 1959 judgment to make it reflect the actual proceedings had and what was in fact adjudged by the Court. The fact that Dr. Ledbetter might have reformed the Property Settlement contract on the ground of mutual mistake, in some other court, in no way takes away from the Court which rendered the 1959 judgment, the power to, by nunc pro tunc judgment, cause its judgment to speak the truth.

All of appellant's points and contentions are overruled.

Affirmed.