Richard W. DAVIS, Appellant,

v.

Nancy W. DAVIS, Appellee.

No. 13557.

Court of Appeals of Texas, Austin.

March 9, 1983.

Richard W. Davis, Smith, Davis, Rose, Finley & Hofmann, San Angelo, for appellant.

Craig Porter, Shannon, Porter, Johnson & Sutton, San Angelo, for appellee.

Before PHILLIPS, C.J., and POWERS and GAMMAGE, JJ.

GAMMAGE, Justice.

This is an appeal from a judgment nunc pro tunc in favor of appellee. We will affirm the judgment of the trial court.

The parties were married in 1963. In 1975, they purchased a home in San Angelo, Texas, and resided together with their children in the home until they were divorced in 1977. The deed evidencing their purchase of the home, dated September 8, 1975, generally describes the property as Lots 11, 12, 13 and 14 of Block 46 of the Hyde Park Addition and Lot 4, Block 21, of the Santa Rita Addition, City of San Angelo, Tom Green County, Texas. It is undisputed that in physical appearance the land constituting the homesite is contiguous and undivided, and at one point is bordered on two sides by a stone fence separating the property from the street. On May 26, 1977, after hearing in open court, the trial court rendered judgment orally awarding appellee (Mrs. Davis) "the home" and other properties not here in dispute, and awarding appellant certain items of property also not in dispute. The trial court's docket entry of that date reflects the following:

Property division as follows:

She gets the home (which the Court values at $135,000) less $42,500 her separate property contribution, leaving a community value on home of $92,500; . . .

The same docket entry reflects property awarded to appellant (Mr. Davis) to include certain stocks, accounts, retirement and business interests, and three items of real property—*none of the real property being identified by legal description.* This portion of the docket entry recites that "The items on which the Court has fixed a value which is set aside to him amounts to $91,602.25."

On June 13, 1977, a written decree and judgment, prepared and signed by appellee's attorney and signed by appellant, was entered reciting that:

[T]he title to Lot Nos. Eleven (11), Twelve (12), Thirteen (13) and Fourteen (14), Block Forty-Six (46), HYDE PARK ADDITION to the City of San Angelo, Tom Green County, Texas, together with all improvements situated thereon, be and the same is hereby vested in Petitioner as a part of her separate estate, . . . Respondent being divested of any interest in such real property. IT IS FURTHER ORDERED that the title to all other real property situated in Tom Green County, Texas, which is or may be a part of the community estate of the parties be and the same is hereby vested in Respondent as a part of his separate property and Petitioner is divested of any interest therein, . . . .

Thereafter, on December 10, 1980, appellee filed with the trial court a motion for entry of judgment nunc pro tunc to correct the written judgment to include Lot 4, Block 21, of the Santa Rita Addition in the award of property to appellee. The trial court granted the motion and it is from that judgment that appellant seeks relief.

By a single point of error, appellant argues that the trial court erred by attempting to correct a judicial error, not a clerical error, by the judgment nunc pro tunc. The essence of appellant's argument is that there was no evidence offered in the original divorce proceeding regarding the disputed fifth lot and that the decree and judgment originally entered correctly reflect the judgment rendered by the trial court—the purported award to the appellee of only the four undisputed lots.

It has long been settled that judgment is *rendered* when a trial court's decision is officially announced. Clerical errors in the *entry* of the judgment may be subsequently corrected by judgment nunc pro tunc. Judicial errors in the rendition of the judgment, however, may not be corrected by a nunc pro tunc proceeding. *Coleman v. Zapp,* 105 Tex. 491, 151 S.W. 1040 (Tex. 1912); *Matter of Marriage of Dunn,* 589 S.W.2d 166 (Tex.Civ.App.1979, no writ).

The procedure for correcting clerical errors is set out in Tex.R.Civ.P.Ann. 316 and 317 (1977). Whether an error in an original judgment is judicial or clerical is a question of law, and a trial court's finding or conclusion as to the nature of an error is not binding on an appellate court. *Finlay*

*v. Jones,* 435 S.W.2d 136 (Tex.1969). An application for the entry of a judgment nunc pro tunc does, however, require the trial court to determine what the facts were at the time the original judgment was rendered, and a judgment nunc pro tunc should be granted only if the evidence is clear, satisfactory and convincing that a clerical error was made. *Mobley v. Rheem Manufacturing Company,* 410 S.W.2d 320 (Tex. Civ.App.1966, writ ref'd n.r.e.).

 In the instant case, it is undisputed that judgment was orally rendered and pronounced from the bench by the trial court. This is, therefore, not a case where the judge's signing of the decree constitutes his rendition of judgment. *Cf. Dikeman v. Snell,* 490 S.W.2d 183 (Tex.1973). The record does not demonstrate that the parties, the trial court, or the expert witness in the original divorce proceeding were particularly concerned with the exact legal description of the land generally described as the homesite. Indeed, based upon the recollection of both the trial court and appellant, the appraiser who testified in the original proceeding, Mr. Clyde Hoyt, is conceded to have given an incorrect legal description of the land in question; describing it as four lots in the Hyde Park Addition, each of approximately 50 by 300 feet. In fact, the four lots in question were 50 by 150 feet each, and, as pointed out by the trial court during the nunc pro tunc proceeding:

M[r.] Hoyt testified that he was talking about, roughly, one and one-third acres. So he must have been talking about something other than Lots 11, 12, 13, and 14 of Hyde Park, because that only comes to point six nine acres. So he must have, *when he was talking about the value of the property, he must be talking about more than those four.*

... But in my notes I found the Court's calculations, that *the value of the house* was a hundred and fifteen thousand, which *I put a value on* at more than Mr. Hoyt testified, less the separate property contributions by Mrs. Davis of $42,-500.00. And I found a community interest of 72,500.... And I put—*I actually*

*fixed a value of the house,* I think when it came down to it, of one hundred and thirty-five thousand dollars, which was still more than Mr. Hoyt had testified to, less separate property contribution of 42,-500, which was not in issue, *leaving a community value of the home* of $92,-500.00.

Now, further my notes, *and my docket entry bears this out—having found these values I tried to get approximately equal of what I was awarding to Mrs. Davis and to Mr. Davis.* And the figures I came up with was that Mr. Davis, and that's the items that *he was getting,* were set out, I think *in my docket entry,* and aggregated *a total of $91,602.25. The total she was getting was $92,500.00....* But I'll tell you right now that my indications are that *Mr. Clyde Hoyt testified of a tract of land, when he appraised them out there, of fifty feet by three hundred feet, a total of* one point—*one and one third acre, approximately.* He could not have testified only about Lots 11, 12, 13, and 14, in Block 46 of Hyde Park. [emphasis added]

 Docket entries may be examined to determine the meaning of the terms used by a trial court when a judgment is rendered. *Petroleum Equipment Financial Corporation v. First National Bank of Fort Worth,* 622 S.W.2d 152 (Tex.Civ.App.1981, writ ref'd n.r.e.); *Bockemehl v. Bockemehl,* 604 S.W.2d 466 (Tex.Civ.App.1980, no writ); *City of San Antonio v. Terrill,* 501 S.W.2d 394 (Tex.Civ.App.1973, writ ref'd n.r.e.).

 A trial judge may also rely upon his personal recollection of the judgment rendered, and if he grants a judgment nunc pro tunc to correct the written decree, it is presumed that his personal recollection supports the finding of a clerical error. *Bockemehl, supra,* 604 S.W.2d at 469.

 While it is not apparent from the record in the case at bar that any of the participants were overly concerned with the precise legal descriptions of any of the items of real property involved in the original divorce proceeding, it is apparent that

the parties and the trial court were concerned about the value of particular assets. The trial court's recollection, that Mr. Hoyt testified to the value of an entire "tract" of land constituting the homesite, is consistent with the docket entry awarding Mrs. Davis "the home" at the community value fixed on it by the trial court. The homesite property appraised and described by Mr. Hoyt in the divorce trial is, in area, at least twice that recited in the signed written decree.

Appellant is incorrect when he contends that there was *no evidence* in the original divorce proceeding regarding Lot 4, Block 21 of the Santa Rita Addition. While the 1975 deed was not introduced in evidence in the original divorce proceeding, appellee's first amended original petition recited:

> The parties are in disagreement with respect to the future ownership of *the home* presently resided in by Petitioner, being properly *situated at 635 South Bishop Street in San Angelo, Texas,* and being Lot Four (4), Block Twenty-one (21), SANTA RITA ADDITION, *and property adjoining the same, more particularly described by a deed recorded in Volume 630 at page 262, Deed Records of Tom Green County.* [emphasis added]

Appellee in the same petition, also prayed that the trial court award her, in lieu of any claim she might have against certain other community assets (all of which were awarded to appellant), "the residence and home of the parties," described as follows:

> All right, title and interest in the property described as Lot 4, Block 21, Santa Rita Addition, *and certain tracts adjoining,* as described in deed recorded in Volume 630, page 262, Deed Records, Tom Green County, Texas. [emphasis added]

Thus, there was reference to the disputed lot as a part of "the home," while the four undisputed lots were described only as "property adjoining" and "certain tracts adjoining." It is significant that appellee's petition specifically prayed for award of "the home" as described in the "deed recorded in [the] Deed Records." This alone would be sufficient to allow the trial court to safely correct the original written decree.

Tex.R.Civ.P.Ann. 317 (1977); *See Yarbrough v. Etheredge,* 163 S.W. 998 (Tex.Civ. App.1914, no writ).

It is further noted that appellee's pleadings described "the home" as "property situated at 635 South Bishop Street in San Angelo, Texas." Had the written decree simply described the property by its street address, it would clearly have been appropriate for the trial court to subsequently amend the decree to include a metes and bounds description of the property. *See Mizell v. Mizell,* 624 S.W.2d 782 (Tex.App. 1981, no writ).

While the specific parcel of disputed property apparently was not mentioned by precise legal description in testimony in the divorce trial, it was, according to the trial court's recollection, included in the "tract" of land appraised by Mr. Hoyt and determined to have a value fixed by the trial court. Notwithstanding the erroneous legal description given by Mr. Hoyt, the trial court fixed the value and divided the assets of the community based on the entire homesite.

There is a single tract of land involved here. It does not appear that either the parties or the trial court were misled regarding that fact by Mr. Hoyt's use of an erroneous legal description. Under such circumstances, a trial court can properly amend the description in the original written decree to conform to its rendered judgment. *Cf. Coleman v. Coleman,* 348 S.W.2d 384, 388 (Tex.Civ.App.1961, writ dism'd).

This is consistent with appellant's own response when questioned during the nunc pro tunc proceeding:

Q. All right. Let's get at it this way. Did you prepare the deed from the Amacker family to yourself and your wife in 1975?

A. I sure did.

Q. Would you say that that deed describes the property that constituted the Davis home in 1977 [the time of the divorce]?

A. Right. What I did was try to track the same deed that I assume Bob

Amacker—Robert Amacker prepared in trying to claim everything that you could claim, even though—even though—

The 1975 deed, as previously indicated, includes both the four lots from the Hyde Park Addition described in the original decree of divorce, and the disputed lot from the Santa Rita Addition. According to the trial court's recollection, this property in its entirety was the property appraised by Mr. Hoyt and about which he testified in the original divorce proceeding, however erroneous his legal description of it may have been. It is the "tract" upon which the trial court fixed a value when making its division of the community assets. It is, in fact, based upon the trial court's recollection, "the home" awarded to appellee when the court *rendered* its judgment.

It should also be noted that there is no indication from the record in this case that either of the parties pleaded or offered proof that a right and just division of the community assets required a partition and division of the homesite. If appellant was effectively seeking a partition of the homesite, it was incumbent upon him to provide the proper legal description of the property. *See* 20 Tex.Jur.2d Divorce and Separation § 228 (1960); *cf. Moor v. Moor,* 24 Tex.Civ. App. 150, 255 S.W. 231 (Tex.Civ.App.1900, no writ).

In a case factually similar to this one, wherein the trial court rendered judgment awarding each of the parties a "home," the settlement agreement subsequently approved by the court in a written decree omitted two of 14 lots constituting one of the homesites. In a nunc pro tunc proceeding, the trial judge testified that he was awarding each party a home in rendition of judgment and did not know the legal description of any of the properties involved. Chief Justice McDonald, in writing for the Court of Civil Appeals in Waco, said:

> The fact that the judgment as finally signed and entered did not conform with the adjudication and judgment of the Court from the bench, entitles appellee to judgment nunc pro tunc conforming the judgment to that as rendered by the Court.

> Rule 316, Texas Rules of Civil Procedure provides that mistakes in the record of any judgment may be amended by the judge in open court, *according to the truth or justice of the case,* provided reasonable notice is given the opposite party of an application to enter a judgment nunc pro tunc. Moreover, courts have inherent power to correct their judgments by entry nunc pro tunc, so as to properly and correctly recite the true action taken. [citations omitted]

> Under the authorities cited, the Trial Court here had authority by a judgment nunc pro tunc to correct the ... judgment *to make it reflect the actual proceedings had and what was in fact adjudged by the Court....* [emphasis added]

*Ledbetter v. Ledbetter,* 390 S.W.2d 403, 405 (Tex.Civ.App.1965, writ dism'd).

In the instant case, as in *Ledbetter,* the trial court was unconcerned with the exact legal description of the property involved. In that case, no legal description was in evidence before the court. In the instant case, an erroneous legal description was involved. Regardless, it is apparent here that the trial court was concerned about the *value* of the undivided "home" property in relation to the *value* of the balance of the community estate. It is equally apparent that the trial court's decision, and its rendered judgment, were derived from the value it attributed to the entire homesite property, without regard to its precise legal description. Based upon all of the foregoing, the trial court legally found that an entry of judgment nunc pro tunc was appropriate to correct a clerical error in the original written decree in this case.

The judgment of the trial court is affirmed.