

## NUMBER 13-09-00342-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

ESMERALDA MONTEMAYOR,                                    **Appellant,**

**v.**

MILTON GARCIA,                                          **Appellee.**

### On appeal from the County Court at Law No. 2
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Vela**
**Memorandum Opinion by Justice Benavides**

The trial court entered a Final Amended Decree of Divorce which it later modified, nunc pro tunc, on the motion of appellee, Milton Garcia. Appellant, Esmeralda Montemayor, argues by two issues, which we construe as one, that the trial court erred in making modifications to the final divorce decree because (1) the court's plenary power

had ended at the time of the judgment nunc pro tunc; and (2) the modifications "made substantive changes" to the original judgment rather than simply correcting clerical errors. We reverse and reinstate the trial court's original Final Amended Decree of Divorce signed June 2, 2008.

## I. BACKGROUND[1]

Montemayor filed suit for divorce from Garcia on November 17, 2006. On April 20, 2007, Garcia filed a countersuit for divorce. On October 20, 2007, Garcia and Montemayor entered into an irrevocable mediated settlement agreement that included terms for a settlement of the incorporated suit affecting the parent-child relationship. According to Garcia's trial counsel, the agreement included a provision that stated that Montemayor was to have the exclusive right to establish the primary residence of the children, with a geographical restriction to Hidalgo County, Texas.[2] On June 2, 2008, however, the trial court signed and entered the final amended divorce decree, prepared by counsel for Garcia, which did not include the geographical restriction, but rather gave Montemayor "the exclusive right to designate the primary residence of the children *without regard to geographic location*" (emphasis added). After the divorce decree was entered, Montemayor moved with the children to Harris County. On September 5, 2008, Garcia filed a motion for judgment nunc pro tunc asking for the court to correct its judgment in the final amended divorce decree to recognize the geographical restriction

<hr>

[1] The notice of appeal in this case was filed by Montemayor on June 19, 2009. After being granted time extensions, Montemayor filed her appellant's brief on February 18, 2010. Thereafter, Garcia did not file an appellee's brief or a motion to extend time. After almost a full year, we sent notice of submission of this case on the briefs to the parties on January 24, 2011. On February 7, 2011, Garcia filed a motion for leave to file an appellee's brief along with an eleven-page "Brief of Appellee." In accordance with Rule of Appellate Procedure 38.6(b), the deadline for Garcia to file this brief was March 20, 2010. *See* TEX. R. APP. P. 38.6(b) (providing that, in a civil case, appellee has thirty days following the filing of the appellant's brief in which to file his brief). Garcia does not provide us with any reason to justify such a late filing. Therefore, we overrule his motion and decline to file his proffered brief.

[2] The mediated settlement agreement does not appear in the record on appeal.

agreed to in the mediated settlement agreement. On November 19, 2008, a hearing was scheduled on the motion for judgment nunc pro tunc, but the record does not include a transcript of the hearing if it did indeed occur. On April 2, 2009, the trial court signed the nunc pro tunc final decree of divorce by which it changed the applicable language of the decree to include the geographical restriction that residence of the children was to be maintained in Hidalgo County.[3] Montemayor's motion for new trial on the issue of the judgment nunc pro tunc was denied, and this appeal ensued.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

Under Rule 329b(d) of the Texas Rules of Civil Procedure, the trial court has plenary power for thirty days after the judgment is signed to grant a new trial or to vacate, modify, correct, or reform the judgment. TEX. R. CIV. P. 329b(d). After its plenary power has expired, the trial court cannot set aside its judgment except by a bill of review for sufficient cause. TEX. R. CIV. P. 329b(f). "However, the trial court may correct clerical errors in the judgment at any time by using a judgment nunc pro tunc." *Barton v. Gillespie*, 178 S.W.3d 121, 126 (Tex. App.–Houston [1st Dist.] 2005, no pet.) (citing TEX. R. CIV. P. 316, 329b(f); *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986)). A clerical error is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered. *See Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex. 1986); *Butler v. Cont'l Airlines, Inc.*, 31 S.W.3d 642, 647 (Tex. App.–Houston [1st Dist.] 2000, pet. denied). A clerical error does not result from judicial reasoning, evidence, or determination. *Andrews*, 702 S.W.2d at 585. Conversely, a judicial error

---

[3] Additionally, the nunc pro tunc final decree of divorce made a significant number of other changes to the final amended decree originally entered by the court. Garcia's trial counsel, however, indicated in response to these other changes that "[Montemayor's counsel] is correct with reference to those other things that were altered in the decree and should not have been altered and that is correct [with the exception of the provision regarding] the geographical restriction . . . ."

3

arises from a mistake of law or fact that requires judicial reasoning to correct. *Butler*, 31 S.W.3d at 647. A judicial error occurs in the rendering, rather than the entering, of the judgment. *Escobar*, 711 S.W.2d at 231. Whether an error is clerical or judicial is a matter of law; therefore, we review this question de novo. *Tex. Dep't of Pub. Safety v. Moore*, 51 S.W.3d 355, 358 (Tex. App.–Tyler 2001, no pet.).

A judgment nunc pro tunc cannot be used to make substantive changes to the underlying judgment. *In re Marriage of Ward*, 137 S.W.3d 910, 913 (Tex. App.–Texarkana 2004, no pet.); *see also Gilchrist v. Gilchrist*, No. 13-07-00448-CV, 2008 Tex. App. LEXIS 4798, at *5 (Tex. App.–Corpus Christi June 26, 2008, no pet.) (mem. op.). If the issue in question is one of the primary judicial decisions the court made, then any change made is material and is therefore a judicial error. *Wood v. Griffin & Brand of McAllen*, 671 S.W.2d 125, 129 (Tex. App.–Corpus Christi 1984, no writ). A court cannot use a judgment nunc pro tunc to change the terms of the original judgment. *Mathes v. Kelton*, 569 S.W.2d 876, 877-78 (Tex. 1978); *Cappadonna Elec. Mgmt. v. Cameron County*, 180 S.W.3d 364, 375 (Tex. App.–Corpus Christi 2005, no pet.). When deciding whether an error in a judgment is clerical or judicial, we must look to the judgment actually rendered and not the judgment that should have been rendered. *Escobar*, 711 S.W.2d at 231. If the trial court corrects a judicial error after its plenary power has expired, the judgment is void. *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex. 1973).

### III. ANALYSIS

The trial court signed the final divorce decree on June 2, 2008. Thus, the trial court's plenary power expired on July 2, 2008, and it was no longer able to modify the

4

judgment after this date. *See* TEX. R. CIV. P. 329b(d). The issue, then, is whether the trial court's "Nunc Pro Tunc Final Decree of Divorce" signed on April 2, 2009 corrected clerical errors or was void because it corrected judicial errors. *See Escobar*, 711 S.W.2d at 231.

A trial court can only correct nunc pro tunc the entry of a final written judgment that incorrectly states the judgment actually rendered. *Escobar*, 711 S.W.2d at 231-32. Even if the trial court incorrectly renders judgment, the trial court cannot alter a written judgment that precisely reflects the incorrect rendition under a motion nunc pro tunc. *Id.* at 232. In this case, the original written judgment precisely reflected the allegedly incorrect rendition of the judgment, making it expressly clear that Montemayor's right to determine the residence of the children was "without regard to geographic location."[4]

Additionally, the change made here was a substantive one. The trial court's original judgment placed no restriction on Montemayor's right to determine the residence of the children, and Montemayor was entitled to rely on the final judgment when she moved to Harris County. Garcia's counsel noted, "obviously, it's not something that's . . . a small issue. This is an issue dealing with the children." Because this was a substantive change, and because the trial court altered the terms of the original Final

---

[4] We recognize that two of our sister courts have held similar nunc pro tunc modifications of trial courts' judgments to be proper. *See Delaup v. Delaup*, 917 S.W.2d 411, 412-13 (Tex. App.–Houston [14th Dist.] 1996, no writ); *Ledbetter v. Ledbetter*, 390 S.W.2d 403, 404-05 (Tex. Civ. App.–Waco 1965, writ dism'd w.o.j.). In each of these cases, however, the record directly reflected that a different judgment was rendered orally than that which was entered in the court's final written judgment. *Delaup*, 917 S.W.2d at 412 ("The settlement agreement was transcribed by the court reporter and made part of the court's record. The trial judge approved the settlement and adopted it as the court's order."); *Ledbetter*, 390 S.W.2d at 404 (noting that the judge read into the record that the "Settlement Agreement is therefore approved by the Court as a part of this decree"). In this case, the record does not indicate the rendering of any judgment by the court that was read into the record, nor does the settlement agreement appear in the record or by incorporation in the original Final Amended Divorce Decree. Therefore, we must consider the original decree as the only judgment rendered by the court and we therefore consider these cases to be completely factually distinguishable from the present case.

5

Amended Divorce Decree on a motion nunc pro tunc, this was necessarily the correction of a *judicial* error, not a *clerical* error. *See In re Marriage of Ward*, 137 S.W.3d at 913; *see also Gilchrist,* 2008 Tex. App. LEXIS 4798, at *5.

Moreover, the record indicates that Garcia's counsel prepared the final judgment which he later complained of, and further that Garcia sought the judgment nunc pro tunc on the basis that it was in the children's best interest, asking the trial court to consider the relevant portions of the family code in making its decision. Making such arguments, however, bolsters our opinion that this was "a mistake of law or fact that required judicial reasoning to correct." *See Butler*, 31 S.W.3d at 647. Accordingly, the Nunc Pro Tunc Final Decree of Divorce is void. *See Dikeman,* 490 S.W.2d 186 (Tex. 1973). We therefore sustain Montemayor's issues on appeal.[5]

## IV. CONCLUSION

We reverse the trial court's judgment entering the Nunc Pro Tunc Final Decree of Divorce, signed April 2, 2009, and reinstate the trial court's original Final Amended Decree of Divorce dated June 2, 2008.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
17th day of February, 2011.

---

[5] Although Garcia may have been entitled to a modification of the original decree in order to have it comply with the irrevocable mediated settlement agreement, a judgment nunc pro tunc was not the correct vehicle by which to seek this amendment.