NUMBER
13-09-00342-CV

 

                                        COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI
- EDINBURG

                                                                     


 

ESMERALDA MONTEMAYOR,                             Appellant,

 

v.

 

MILTON GARCIA,                                                                          Appellee.

                                                                     


 

On appeal from the County
Court at Law No. 2

of Hidalgo County,
Texas.

                                                                     


 

MEMORANDUM OPINION

 

                      Before
Justices Garza, Benavides, and Vela

                      Memorandum
Opinion by Justice Benavides

 








The
trial court entered a Final Amended Decree of Divorce which it later modified,
nunc pro tunc, on the motion of appellee, Milton Garcia.  Appellant, Esmeralda
Montemayor, argues by two issues, which we construe as one, that the trial
court erred in making modifications to the final divorce decree because (1) the
court’s plenary power had ended at the time of the judgment nunc pro tunc; and (2)
the modifications “made substantive changes” to the original judgment rather
than simply correcting clerical errors.  We reverse and reinstate the trial
court’s original Final Amended Decree of Divorce signed June 2, 2008.

I.  Background[1]

            Montemayor
filed suit for divorce from Garcia on November 17, 2006.  On April 20, 2007,
Garcia filed a countersuit for divorce.  On October 20, 2007, Garcia and
Montemayor entered into an irrevocable mediated settlement agreement that
included terms for a settlement of the incorporated suit affecting the
parent-child relationship.  According to Garcia’s trial counsel, the agreement
included a provision that stated that Montemayor was to have the exclusive
right to establish the primary residence of the children, with a geographical
restriction to Hidalgo County, Texas.[2] 
On June 2, 2008, however, the trial court signed and entered the final amended
divorce decree, prepared by counsel for Garcia, which did not include the
geographical restriction, but rather gave Montemayor “the exclusive right to
designate the primary residence of the children without regard to geographic
location” (emphasis added).  After the divorce decree was entered,
Montemayor moved with the children to Harris County.  On September 5, 2008,
Garcia filed a motion for judgment nunc pro tunc asking for the court to
correct its judgment in the final amended divorce decree to recognize the
geographical restriction agreed to in the mediated settlement agreement.  On
November 19, 2008, a hearing was scheduled on the motion for judgment nunc pro
tunc, but the record does not include a transcript of the hearing if it did
indeed occur.  On April 2, 2009, the trial court signed the nunc pro tunc final
decree of divorce by which it changed the applicable language of the decree to
include the geographical restriction that residence of the children was to be
maintained in Hidalgo County.[3] 
Montemayor’s motion for new trial on the issue of the judgment nunc pro tunc
was denied, and this appeal ensued.

II.  Standard
of Review and Applicable Law

Under
Rule 329b(d) of the Texas Rules of Civil Procedure, the trial court has plenary
power for thirty days after the judgment is signed to grant a new trial or to
vacate, modify, correct, or reform the judgment.  Tex. R. Civ. P. 329b(d).  After its plenary power has
expired, the trial court cannot set aside its judgment except by a bill of
review for sufficient cause.  Tex. R.
Civ. P. 329b(f).  “However, the trial court may correct clerical errors
in the judgment at any time by using a judgment nunc pro tunc.”  Barton v.
Gillespie, 178 S.W.3d 121, 126 (Tex. App.–Houston [1st Dist.] 2005, no
pet.) (citing Tex. R. Civ. P. 316,
329b(f); Escobar v. Escobar, 711 S.W.2d 230, 231 (Tex. 1986)).  A clerical
error is a discrepancy between the entry of a judgment in the record and the
judgment that was actually rendered.  See Andrews v. Koch, 702 S.W.2d
584, 585 (Tex. 1986); Butler v. Cont'l Airlines, Inc., 31 S.W.3d 642,
647 (Tex. App.–Houston [1st Dist.] 2000, pet. denied).  A clerical error does
not result from judicial reasoning, evidence, or determination.  Andrews,
702 S.W.2d at 585.  Conversely, a judicial error arises from a mistake of law
or fact that requires judicial reasoning to correct.  Butler, 31 S.W.3d
at 647.  A judicial error occurs in the rendering, rather than the entering, of
the judgment. Escobar, 711 S.W.2d at 231.  Whether an error is clerical
or judicial is a matter of law; therefore, we review this question de novo.  Tex.
Dep’t of Pub. Safety v. Moore, 51 S.W.3d 355, 358 (Tex. App.–Tyler 2001, no
pet.).

 
A judgment nunc pro tunc cannot be used to make substantive changes to the
underlying judgment. In re Marriage of Ward, 137 S.W.3d 910, 913 (Tex.
App.–Texarkana 2004, no pet.); see also Gilchrist v. Gilchrist, No. 13-07-00448-CV,
2008 Tex. App. LEXIS 4798, at *5 (Tex. App.–Corpus Christi June 26, 2008, no
pet.) (mem. op.).  If the issue in question is one of the primary judicial
decisions the court made, then any change made is material and is therefore a
judicial error. Wood v. Griffin & Brand of McAllen, 671 S.W.2d 125,
129 (Tex. App.–Corpus Christi 1984, no writ).  A court cannot use a judgment
nunc pro tunc to change the terms of the original judgment.  Mathes v.
Kelton, 569 S.W.2d 876, 877-78 (Tex. 1978); Cappadonna Elec. Mgmt. v.
Cameron County, 180 S.W.3d 364, 375 (Tex. App.–Corpus Christi 2005, no
pet.).  When deciding whether an error in a judgment is clerical or judicial, we
must look to the judgment actually rendered and not the judgment that should
have been rendered. Escobar, 711 S.W.2d at 231.  If the trial court
corrects a judicial error after its plenary power has expired, the judgment is
void. Dikeman v. Snell, 490 S.W.2d 183, 186 (Tex. 1973). 

III.  Analysis

The
trial court signed the final divorce decree on June 2, 2008.  Thus, the trial
court's plenary power expired on July 2, 2008, and it was no longer able to
modify the judgment after this date.  See Tex. R. Civ. P. 329b(d).  The issue, then, is whether the
trial court's “Nunc Pro Tunc Final Decree of Divorce” signed on April 2, 2009
corrected clerical errors or was void because it corrected judicial errors.  See
Escobar, 711 S.W.2d at 231.

A
trial court can only correct nunc pro tunc the entry of a final written
judgment that incorrectly states the judgment actually rendered.  Escobar,
711 S.W.2d at 231-32.  Even if the trial court incorrectly renders judgment,
the trial court cannot alter a written judgment that precisely reflects the
incorrect rendition under a motion nunc pro tunc.  Id. at 232.  In this
case, the original written judgment precisely reflected the allegedly incorrect
rendition of the judgment, making it expressly clear that Montemayor’s right to
determine the residence of the children was “without regard to geographic
location.”[4]

Additionally,
the change made here was a substantive one.  The trial court’s original
judgment placed no restriction on Montemayor’s right to determine the residence
of the children, and Montemayor was entitled to rely on the final judgment when
she moved to Harris County.  Garcia’s counsel noted, “obviously, it’s not
something that’s . . . a small issue.  This is an issue dealing
with the children.”  Because this was a substantive change, and because the
trial court altered the terms of the original Final Amended Divorce Decree on a
motion nunc pro tunc, this was necessarily the correction of a judicial
error, not a clerical error.  See In re Marriage of Ward, 137
S.W.3d at 913; see also Gilchrist, 2008 Tex. App. LEXIS 4798, at *5.  

Moreover,
the record indicates that Garcia’s counsel prepared the final judgment which he
later complained of, and further that Garcia sought the judgment nunc pro tunc
on the basis that it was in the children’s best interest, asking the trial
court to consider the relevant portions of the family code in making its
decision.  Making such arguments, however, bolsters our opinion that this was “a
mistake of law or fact that required judicial reasoning to correct.”  See Butler,
31 S.W.3d at 647.  Accordingly, the Nunc Pro Tunc Final Decree of Divorce is
void.  See Dikeman, 490 S.W.2d 186 (Tex. 1973).  We therefore sustain
Montemayor’s issues on appeal.[5]

IV.  Conclusion

            We
reverse the trial court’s judgment entering the Nunc Pro Tunc Final Decree of
Divorce, signed April 2, 2009, and reinstate the trial court’s original Final
Amended Decree of Divorce dated June 2, 2008.

 

 

 

__________________________

GINA
M. BENAVIDES,

Justice

 

 

 

Delivered and filed the

17th day of February, 2011. 

 









[1] The notice of appeal in this case was filed by
Montemayor on June 19, 2009.  After being granted time extensions, Montemayor
filed her appellant’s brief on February 18, 2010.  Thereafter, Garcia did not
file an appellee’s brief or a motion to extend time.  After almost a full year,
we sent notice of submission of this case on the briefs to the parties on
January 24, 2011.  On February 7, 2011, Garcia filed a motion for leave to file
an appellee’s brief along with an eleven-page “Brief of Appellee.”  In
accordance with Rule of Appellate Procedure 38.6(b), the deadline for Garcia to
file this brief was March 20, 2010.  See Tex.
R. App. P. 38.6(b) (providing that, in a civil case, appellee has thirty
days following the filing of the appellant’s brief in which to file his
brief).  Garcia does not provide us with any reason to justify such a late
filing.  Therefore, we overrule his motion and decline to file his proffered
brief.





[2] The mediated settlement agreement
does not appear in the record on appeal.





[3]   Additionally, the nunc pro tunc
final decree of divorce made a significant number of other changes to the final
amended decree originally entered by the court.  Garcia’s trial counsel,
however, indicated in response to these other changes that “[Montemayor’s
counsel] is correct with reference to those other things that were altered in
the decree and should not have been altered and that is correct [with the
exception of the provision regarding] the geographical
restriction . . . .”





[4]   We recognize that two of our sister courts have
held similar nunc pro tunc modifications of trial courts’ judgments to be
proper.  See Delaup v. Delaup, 917 S.W.2d 411, 412-13 (Tex. App.–Houston
[14th Dist.] 1996, no writ); Ledbetter v. Ledbetter, 390 S.W.2d 403,
404-05 (Tex. Civ. App.–Waco 1965, writ dism’d w.o.j.).  In each of these cases,
however, the record directly reflected that a different judgment was rendered
orally than that which was entered in the court’s final written judgment.  Delaup,
917 S.W.2d at 412 (“The settlement agreement was transcribed by the court
reporter and made part of the court's record. The trial judge approved the
settlement and adopted it as the court's order.”); Ledbetter, 390 S.W.2d
at 404 (noting that the judge read into the record that the “Settlement
Agreement is therefore approved by the Court as a part of this decree”).  In
this case, the record does not indicate the rendering of any judgment by the
court that was read into the record, nor does the settlement agreement appear
in the record or by incorporation in the original Final Amended Divorce
Decree.  Therefore, we must consider the original decree as the only judgment
rendered by the court and we therefore consider these cases to be completely
factually distinguishable from the present case.   





[5]  Although Garcia may have been entitled to a
modification of the original decree in order to have it comply with the
irrevocable mediated settlement agreement, a judgment nunc pro tunc was not the
correct vehicle by which to seek this amendment.