# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00808-CV

**In re Michael Glenn Roller**

## ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Michael Glenn Roller, proceeding pro se, has filed a petition for writ of mandamus challenging the trial court's order granting the first amended motion for nunc pro tunc filed by real party in interest Tiffany Eilleen Poehler. Roller and Poehler are parties in a divorce proceeding. The nunc-pro-tunc-order purported to correct the trial court's order enforcing the division of property between the parties. The enforcement order was signed on December 15, 2022, and the nunc-pro-tunc order was signed on October 30, 2023. In his petition, Roller contends that the nunc-pro-tunc order should be vacated because the changes made to the enforcement order corrected judicial errors rather than clerical errors, and the trial court lost plenary power to make substantive changes to its enforcement order thirty days after it was signed. *See* Tex. R. Civ. P. 316, 329b(f), (g); *Perez v. Perez*, 658 S.W.3d 864, 872-73 (Tex. App.—El Paso 2022, no pet.).

It is relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—

Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). Among other requirements, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *see also* Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"), 52.7(a)(2) (relator must file with petition "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained").

Here, Roller attached to his petition a copy of the original enforcement order, the nunc-pro-tunc order, and a transcript of the November 29, 2022 enforcement hearing. However, he failed to include several other documents, discussed in his petition, that we conclude are also material to his claim for mandamus relief, including copies of the June 2, 2022 final decree of divorce; Roller's petition for enforcement of division of property filed on July 27, 2022; Poehler's motion for enforcement of property division and motion to clarify the enforcement order filed on or about March 8, 2023; a transcript of a hearing on that motion held on or about May 1, 2023; Poehler's motion for nunc pro tunc filed on or about June 15, 2023 and her first amended motion for nunc pro tunc filed on or about October 9, 2023; and transcripts of hearings on those motions held on or about September 19 and October 30, 2023.[1] These documents are material to the issue of whether the nunc-pro-tunc order corrected errors that were judicial or

---

[1] The dates listed are taken from the "relevant case history" summarized by Roller in his petition, not from any official court document, and thus may be approximate.

clerical in nature. *See Pruet v. Coastal States Trading, Inc.*, 715 S.W.2d 702, 705 (Tex. App.—Houston [1st Dist.] 1986, no writ) (explaining that judgment nunc pro tunc should be granted "if the evidence is clear and convincing that a clerical error was made" and that "[e]vidence may be in the form of oral testimony of witnesses, written documents, the court's docket, and the judge's personal recollection"); *Davis v. Davis*, 647 S.W.2d 781, 782-85 (Tex. App.—Austin 1983, no writ) (discussing appropriateness of judgment nunc pro tunc in context of divorce proceedings). Because Roller failed to include these documents in the mandamus record, we deny Roller's petition for writ of mandamus without prejudice to refiling a petition that complies with the applicable rules. *See* Tex. R. App. P. 52.7, 52.8(a).

_____

Gisela D. Triana, Justice

Before Justices Baker, Triana, and Kelly

Filed:   January 11, 2024