THE STATE v. JOHN F. WOMACK.

Where several Judges preside in succession at the same Term, all the proceed-
ings, in criminal cases as well as in civil. remain subject to the order of the
Judge presiding, until the close of the Term, in the same manner as if one
Judge had presided during the whole Term.

Where a defendant was found guilty of a misdemeanor and committed to the cus-
tody of the Sheriff until the fine and costs should be paid, and at the next Term
the District Attorney took a rule against the Sheriff to show cause why judg-
ment should not be rendered against him for the fine and costs, on the ground
that he had permitted the defendant to go at large, the Sheriff was permitted
to prove by parol evidence, in discharge of the rule, that at a subsequent day

of the same Term at which the defendant was committed to his custody as aforesaid, the defendant, being still in his custody, was called into Court, and discharged from custody, and that by inadvertence, the order was not entered of record ; and the case was distinguished from the cases where it is proposed to contradict the record.

See this case as to the entry of judgment at a subsequent Term, *nunc pro tunc,* on a verdict in a criminal case.

Appeal from Harrison.    Tried below before the Hon. Wm. W. Morris.

*Attorney General,* for appellee.    We admit that the Court having jurisdiction to make this supposed order, if it had been made, the Sheriff would not have been responsible for, or affected by any irregularity in the preliminary proceedings ; but there was and is no such order ; for what is required to be entered in the minutes of the Court, and is not to be found there, has in law no existence.    We can only know the proceedings of a Court of record by its records.    The District Court properly overruled the motion for the entry in the minutes, of the supposed order of the Court at a former Term ; for there was nothing any where to be found to authorize such an entry.    (See the authorities on this point, well collected by the Supreme Court of Mississippi, in the case of Boon v. Boon, 8 S. & M., 318.)

*S. M. Hyde,* for appellee, cited Bac. Ab. Vol. 8, p. 690 ; Williams v. Stewart, 12 Sm. & M. 533 ;  Duckworth v. Millsaps, 7 Id. 308 ;  Saffery v. Jones, 2 Barn. & Ad. 598 ;  Hart v. Dubois, 20 Wend. 236.

Lipscomb, J.    The facts of this case, collected from the record, as far as believed to be necessary to a correct disposition of the same, are these :

At a Term of the District Court of Harrison, the first part of the Term Judge Morris held the Court, and the latter part

The State v. Womack.

of the Term was holden by Judge Todd. During the first part of the Term, one Brewer was tried and convicted for keeping and exhibiting a Rondo Table, and fined ten dollars and charged into the custody of the Sheriff. At a subsequent day of the Term, when Judge Todd was presiding, Brewer, still in the custody of the Sheriff, was called into Court, and Judge Todd ordered the Sheriff to discharge him on his paying to the Clerk the jury fee of five dollars, and he was accordingly discharged. At the next Term of the Court, it not appearing that the fine and balance of the costs had been paid, and the order of Judge Todd for his discharge not appearing of record, the District Attorney moved the Court for a rule upon the Sheriff, to show cause why judgment should not be awarded against him for the fine and costs that had been adjudged against Brewer, excepting the jury fee that had been paid, because he had permitted Brewer to go at large. The Sheriff, in answer to the rule, set up the facts above stated, in his defence, and also moved the Court that the Clerk be directed to enter the order of Judge Todd for the discharge of Brewer, *nunc pro tunc*. The District Attorney excepted to the answer of the Sheriff, and also to the motion to make the entry *nunc pro tunc*. The Court overruled the exceptions to the Sheriff's answer, and refused the Sheriff's motion to have the order of Judge Todd entered as of the last Term, and discharged the rule against the Sheriff; from which last decision the State appealed.

It is believed that the right of Judge Morris to order the defendant, convicted by a verdict of the jury of a misdemeanor, to be imprisoned until the fine and costs should be paid, cannot be questioned; and it is equally clear that, instead of making such order, he could have awarded execution for the collection thereof, against the property of the defendant. Nor could his authority to modify the order during the Term, setting aside the imprisonment, and, instead thereof, awarding an execution, be questioned. It is believed that, as far as this

matter is concerned, the Term of the Court is to be regarded as a unit, and whatever control Judge Morris would have had over the orders and judgments made by him whilst he was presiding, was vested in Judge Todd, after the departure of Judge Morris. It was so decided in a civil case at Austin. (The name of the case is not recollected ; the Reporter is requested to insert it if he can find it.—Edwards v. James, 13 Tex. 52.) Judge Hancock was sitting part of the Term of the Bexar District Court for Judge Devine. Whilst the former was presiding a suit was tried, and after he left and Judge Devine was presiding, the latter entertained and granted a motion for a new trial ; and his right to do so was sustained. The right of Judge Todd to make the order cannot therefore be impeached ; nor can the propriety of such order be impeached in these proceedings.

All of this, however, does not relieve us of the most troublesome part of the case. There being no record of the order modifying Judge Morris' judgment, how is the Sheriff to be protected in obeying it ? What evidence can he be permitted to introduce by which to establish the order of Judge Todd to discharge Brewer ? Can it be supplied by oral evidence, the record being silent ? The latter is a question of great difficulty of solution on principle, but after the best reflection that we have been able to bestow on it, we have arrived at the conclusion that it may be answered in the affirmative. We are aware of the rule that parol evidence cannot be permitted to falsify a record, unless on the charge of fraud ; and we acknowledge that this rule should be most strictly adhered to and stringently enforced. We believe, however, that there is a clear distinction between falsifying a record, and supplying an omission when it is silent. The record in this case speaks the order of Judge Morris, but is silent as to the order of Judge Todd ; nor do we contradict the order of the former, when we let in proof of the order of the latter subsequently made, because the last recognizes the first, and we are not

hearing parol evidence to prove that the order of the first was never made. We are doing no such thing. Believing, as we do, that this is a sound distinction, not contravening any rule or principle of evidence, without violating the sanctity of record evidence, our conclusion is that in a case like this, the parol evidence ought to be received. If it could not, the Sheriff would be truly in a perilous condition. In Term time it is often the case, that an order is verbally made from the Bench, requiring immediate, instant obedience, without waiting to have it recorded. It is true that the Clerk ought to make a minute of it; but suppose he fails to do so, can his omission be visited upon the Sheriff who promptly obeys the order? The Judge may order him to seize a disturber of the order of the Court, and take him out of the Court, or to jail for a contempt. He is bound to immediate obedience, without stopping to inquire of the Judge if he caused his order to be made a matter of record. The Clerk, from inattention, takes no note of the order, would it be contended, for a moment, that if the Sheriff was sued for false imprisonment, he would be cut off from protecting himself under the order of the Court, because of the omission of the Clerk to make an entry on the minutes of the Court of such order? We do not believe that this could be successfully done. He should be permitted to supply the omission of the record by parol. We are not called upon to say what is to be the result of the verdict against the defendant in the prosecution, Brewer; whether he is to go discharged from the penalty and costs, but we can see no legal reason why an execution may not be awarded against him on a verdict standing of record, on the proper judgment being rendered upon that verdict, which ought to have been awarded by Judge Todd. We see no reason why this should not be done at any reasonable time, on application to the Court. We have no disposition to anticipate and direct the Court below on a question not before us by appeal. The judgment of the Court below is affirmed.                    Judgment affirmed.