## CITY OF CALDWELL v. SCHUMACHER.
### No. 11876.

Court of Civil Appeals of Texas. Galveston.

May 8, 1947.

Rehearing Denied May 29, 1947.

W. J. Alexander, of Caldwell, for appellant.

Walter M. Hilliard, of Caldwell, for appellee.

CODY, Justice.

This was an action for damages for the death of a cow of the alleged value of $135, allegedly caused by the negligence of defendant in allowing its electric light and power line to fall and remain upon the street in the City of Caldwell—the cow having left plaintiff's premises and come into contact with said wire and thereby being electrocuted. The action was instituted by appellee against appellant in a justice court of Burleson County, and from there appealed to the County Court.

Upon the answers to special issues, which, among other things, assessed the value of the cow at $150, the county court rendered judgment against appellant for $135.

Appellant predicates its appeal upon fourteen points. Since we find we must sustain the first point, no purpose would be served in setting out any of the other points. The first point, somewhat edited as to form, reads:

1. This case should be reversed and rendered for appellant because appellee's case is based upon the erroneous theory that appellant owed to appellee the duty to keep its electric light and power lines in a safe condition so as to prevent appellee's cow, which was unlawfully at large upon the streets of appellant City, from being injured by coming into contact therewith.

### Opinion.

Neither of the parties appeared to argue orally when this cause was submitted, and appellee has filed no brief. Under Rule 419, Texas Rules of Civil Procedure, the statement as to the facts or record in the case as made by appellant are to be taken as true. Refugio Lumber Co. v. Bailey, Tex.Civ.App., 172 S.W.2d 133, 134, writ refused; Headstream v. Mangum, Tex.Civ.App., 174 S.W.2d 496. The purpose of the Rule is to enable the appellant to make a short statement of matters concerning which there is no dispute, and to relieve the appellate court of any duty of briefing a case for appellee. Appellee, not having challenged appellant's statement of the facts or the record, is taken to admit the correctness of such statement.

By force of an ordinance quoted by appellant verbatim in its brief, it is made unlawful for cattle to run at large in the City of Caldwell. In a somewhat similar case, arising under an ordinance of the

City of Dallas which made the running at large of horses, cattle, etc., in the City of Dallas a nuisance, a recovery for injury to a horse there running at large was denied. Dallas Gas Co. v. Wheat, Tex.Civ. App., 160 S.W. 980. The court held that, it being established that the horse was running at large, the liability of appellant would not be measured by its want of care for the protection of the horse. We are unable to see any material distinction between the facts of the cited case and the case at bar. Accordingly, the judgment of the trial court must be reversed, and judgment here rendered for appellant that appellee take nothing by its action, and pay all costs, and it is so ordered.

Reversed and rendered.