M. M. DIKEMAN, Relator,

v.

Hon. John SNELL, Jr., District Judge, et al., Respondents.

No. B–3362.

Supreme Court of Texas.

Jan. 24, 1973.

William E. Mallia, Houston, for relator.

Joel Cook, Toby Bonds, Houston, for respondents.

DANIEL, Justice.

. Relator, M. M. Dikeman, has petitioned this Court to issue a writ of mandamus requiring District Judge John N. Snell, Jr., to set aside a nunc pro tunc judgment entered on January 5, 1972, making certain changes in a previous judgment rendered by Judge Snell against Relator on March 29, 1971. Respondent, Charles L. Palmer, originally brought this suit against Dikeman to remove restrictions which prevented the use of Palmer's property for commercial purposes. Palmer won a favorable jury verdict, but Judge Snell's judgment of March 29, 1971, for Palmer contained a proviso, hereinafter quoted, requiring that Palmer build a specific type of fence to separate his property from the rest of the subdivision.

Some nine months later, after the judgment of March 29, 1971 had been affirmed on certificate pursuant to Rule 387,[1] Palmer, claiming that the fence proviso was a clerical error, obtained from Judge Snell the aforesaid judgment nunc pro tunc. Dikeman claims that the error, if any, was judicial rather than clerical and that the nunc pro tunc judgment was therefore void. There is no dispute over the accuracy or sufficiency of the certified copies of the docket sheet, judgments and other papers filed as a part of Relator's verified Petition for Writ of Mandamus. In fact, Respondents filed no verified reply or affidavit traversing same.

It is undisputed that Judge Snell rendered his judgment in writing and signed it on March 29, 1971. It was duly entered in Vol. 764, Page 896 of the Minutes of the District Court of Harris County. There is no contention that he had earlier orally rendered or pronounced a different judgment.[2] On the contrary, the certified copy of the Docket Sheet shows only one entry concerning this original judgment. It reads: "March 29, 1971 Judg. as per decree (entered)." The judgment rendered as per the written decree was signed and entered on the same date.[3] The relevant portions of the judgment are:

"It is, THEREFORE, ORDERED, ADJUDGED and DECREED by the Court on the 29th day of March, 1971, that the restrictions heretofore placed upon Plaintiffs property, to-wit: . . . shall hereafter be modified as to said property so that same shall be used for commercial purposes, subject to the following provisions: a fence at least 8 feet tall and *12 inches thick, of suitable brick,* shall be constructed to separate said above mentioned lots from the remainder of the said subdivision, *said fence to run north and south so as to form as much as possible a straight line; the cost of said fence shall be paid for by Plaintiffs and shall be constructed all at once and not in portions.*"[4]

The judgment nunc pro tunc entered January 5, 1972, more than five months aft-

---

1. All references to Rules are to the Texas Rules of Civil Procedure, and citations to statutes refer to Vernon's Annotated Civil Statutes.

2. In this connection, Relator Dikeman stated at page 11 of his Brief: "It should be noted that Respondent has not and will not personally verify any claim of clerical error on his part. The reason is that, when the jury returned its verdict in this case, the Respondent then made no pronouncements concerning the judgment whatsoever. As evidenced by his docket sheet (A–33), he dismissed the jury and waited for the attorneys to prepare the judgment." The Respondents *did not by affidavit or Reply Brief* contradict or challenge this statement. See Rules 419, 491 and 496.

3. Under this fact situation it has been held as a matter of law that the date of rendition in writing is the same as the date that the judge signed the written order. Ex Parte Godeke, 163 Tex. 387, 355 S.W.2d 701 (1962); Shepherd v. Estate of Long, 480 S.W.2d 51 (Tex. Civ.App.1972, writ ref. n. r. e.); Fourticq v. Fannin Bank, 461 S.W.2d 251 (Tex.Civ.App.1970, writ ref. n. r. e.); Noble v. Texacon Industries, Inc., 367 S.W.2d 872 (Tex.Civ.App.1963, no writ). See also Comet Aluminum Company v. Dibrell, 450 S.W.2d 56 (Tex.1970) and Knox v. Long, 152 Tex. 291, 257 S.W. 2d 289 (1953).

4. The words and phrases later changed or omitted by the nunc pro tunc judgment of January 5, 1972, have been italicized.

er the original judgment admittedly became final by operation of law under Rule 329b, subd. 5, substituted the following language for that above quoted from the original judgment:

"It is therefore ORDERED, ADJUDGED and DECREED by the Court on the 29th day of March, 1971, that the restrictions heretofore placed upon Plaintiff's property, to writ: . . . shall hereafter be modified as to said property so that same shall be used for commercial purposes, subject to the following provisions: a fence at least 8 feet tall and 2 inches thick, shall be constructed to separate said above mentioned lots from the remainder of the said subdivision, *the material shall be either redwood or cedar, the vertical boards of said fence to be opposite to each other to assure full ventilation, attached to 2 × 4 stringers, supported by 4 × 4 Penta Treated posts set in concrete with a 6" clearance at the bottom of said fence to allow grass to be cut.*" [5]

Co-Respondent Palmer's motion filed on November 10, 1971 to "correct" the original judgment was signed and verified by his attorney, Toby C. Bonds. It attached a copy of the original judgment as entered and made no allegation that any different judgment had been previously rendered orally by Judge Snell. On the contrary, Mr. Bonds upon oath alleged that the judgment signed by the Court on March 29, 1971:

"was prepared by TOBY C. BONDS, Attorney for Plaintiffs [Palmer et al] and by mistake and/or omission, contained a provision for a fence to be constructed between the property belonging to Plaintiffs and that of Defendants . . . . In drafting said Judgment, Plaintiffs Attorney through mistake only, included

said provision in the Judgment. That the following language, immediately after the words 'commercial purposes', should be deleted from the Judgment heretofore entered:" (quoting the entire proviso as to the fence in the original judgment.)

\* \* \* \* \* \*

V.

"In the alternative, Plaintiff would show that said dimensions as described in the Judgment were due to typographical or clerical error in that the fence as described should be 8 feet tall, 2" thick, and constructed of redwood or cedar, or other suitable lumber."

The prayer asked that *"upon the above and foregoing facts* [6] the Court delete that portion of the Judgment, attached hereto as Exhibit A concerning the said fence altogether, or in the alternative, correct said dimensions to comply with paragraph V. hereof." In his nunc pro tunc judgment of January 5, 1972, after reciting that the hearing on the Motion was attended by attorneys for both parties, "and the Court, having read and considered said Motion, and being of the opinion that same should be granted pursuant to Rules 316 and 317 . . . .," Judge Snell proceeded to sign and enter the judgment nunc pro tunc.

■ Thus Co-Respondent Palmer admitted that the original judgment of the Court contained the original language concerning the fence, although it was alleged to have been included by mistake of his attorney. A judgment is usually prepared by the attorney for the successful party, as was done here. Rule 305. When rendered in writing and thus signed and entered it becomes the judgment of the court. Recitations or provisions alleged to have been inserted by mistake of the attorney neverthe-

---

5. Changes in the original judgment and new and different provisions are italicized. The principal change is from a 12 inch thick brick fence to a 2 inch thick wooden fence, with complete omission of the direction and straight line requirement

and the provision that "the cost of said fence shall be paid for by Plaintiffs and shall be constructed all at once and not in portions."

6. Emphasis supplied.

less become a part of the court's judgment and therefore are judicial errors when thus rendered in writing by the court. Finlay v. Jones, 435 S.W.2d 136 (Tex.1968).

Clearly, the nunc pro tunc judgment purports to readjudicate or rewrite and change the decretal portion of the judgment as rendered by Judge Snell in writing March 29, 1971. If inclusion of the original proviso concerning the fence in Judge Snell's original judgment was a mistake, it was a judicial and not a clerical mistake. It is well settled that a trial judge has no power to enter a nunc pro tunc judgment purporting to correct a judicial error in a previously rendered judgment after he has lost jurisdiction of the case by operation of Rule 329b. Finlay v. Jones, *supra*.

This Court, in the following original mandamus proceedings, held similar nunc pro tunc judgments and orders to be "void" and granted conditional writs requiring that they be expunged or set aside: Universal Underwriters Insurance Co. v. Ferguson, 471 S.W.2d 28 (Tex.1971); Lone Star Cement Corporation v. Fair, 467 S.W.2d 402, 406 (Tex.1971); Comet Aluminum Company v. Dibrell, 450 S.W.2d 56, 59 (Tex.1970); Finlay v. Jones, 435 S.W.2d 136 (Tex.1968), which used the term "invalid" instead of "void"; Buttery v. Betts, 422 S.W.2d 149 (Tex.1968); Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823, 825, 829 (1961); McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706, 710 (1961).

It has been suggested, although not by Respondents, that Relator Dikeman's Petition for Writ of Mandamus should be denied because he had an adequate remedy by appeal which he failed to pursue. We held to the contrary in the recent case of McHone v. Gibbs, 469 S.W.2d 789 (Tex. 1971), which was similar in several respects to the instant case. In *McHone*, the Relator had failed to appeal from an order in the nature of a judgment nunc pro tunc which changed material provisions of an earlier judgment after the court's jurisdiction had expired. As in the present case,

Relator's time for appeal from the second judgment had expired before he sought relief by mandamus in this Court. The Respondents argued that the Court should not grant the writ because Relator had an adequate remedy of appeal which he had failed to pursue. The Court overruled this contention and conditionally granted the writ setting aside the second judgment.

In view of our policy for at least a decade of accepting and exercising our mandamus jurisdiction in cases involving void or invalid judgments of district courts, Relator had every reason to expect relief from the void judgment in this case without first attempting an appeal. Fulton v. Finch, *supra*; McEwen v. Harrison, *supra*; Gulf C. & S. F. Ry. Co. v. Muse, 109 Tex. 352, 207 S.W. 897, 900 (1919). In Fulton v. Finch, *supra*, Judge Norvell wrote for the Court in holding that the entry of an order after the trial court had lost jurisdiction under Rule 329b was "void on its face," and said:

"An order which proclaims its voidness upon its face needs no appellate action to proclaim its invalidity. It is one thing to say that a void order *may* be appealed from but it is another thing to say that it *must* be appealed from for it would be anomalous to say that an order void upon its face must be appealed from before it can be treated as a nullity and disregarded." 346 S.W.2d at 830.

Except for one of the orders in *Finch, supra,* all of the decisions referred to above involved direct attacks on the orders or judgments alleged to be void. Since this is a direct attack, we express no opinion as to whether orders or judgments of this nature are subject to collateral attack. Furthermore, in some instances, relief from alleged invalid orders or judgments might be more easily obtained by appealing to the Court of Civil Appeals under Rule 306b. This would be the safer course, particularly where there is doubt as to whether the judgment is void, or where there are disputed issues of fact. The Court will not

grant a writ of mandamus when there are disputed fact issues. Rogers v. Lynn, 121 Tex. 467, 49 S.W.2d 709, 51 S.W.2d 1113 (1932).

We hold the nunc pro tunc judgment entered by Judge Snell on January 5, 1972 was void and that it should be set aside. Assuming that the trial judge will act in accordance with our decision, a writ of mandamus will issue only if he does not do so.

Dissenting opinion by McGEE, J.

SAM D. JOHNSON, J., not sitting.

McGEE, Justice (dissenting).

I respectfully dissent.

I disagree with the holding of the majority that the Relator has carried his burden of showing that the nunc pro tunc judgment was an attempt to correct a judicial error in the prior judgment after same had become final.

Rule 329b [1] does not prohibit a judge from rendering at any time a nunc pro tunc judgment to make the record of the court reflect the judgment actually rendered. In other words, a clerical error in the record of the court may be corrected by a nunc pro tunc judgment even after the judgment becomes final by operation of Rule 329b.[2] In order for this Court to issue a writ of mandamus directing Judge Snell to set aside this nunc pro tunc judgment, it must be evident from the record that the nunc pro tunc judgment *was not* the correction of a clerical error in the record of the court.

In the alternative, Respondent's Motion to Correct Judgment alleged clerical error. A hearing was conducted on that motion. At that hearing there were two vital issues of fact:

(1) Whether or not a judgment had been rendered before the March 29, 1971 draft of judgment.

(2) If so, whether or not the March 29 draft correctly stated the provisions of that rendered judgment.

See McDonald, Texas Civil Practice, V. 4, § 17.07.2 and authorities cited therein.

At such a hearing, the court is authorized to hear evidence and to make findings based on that evidence and on his own recollection. The State v. Womack, 17 Tex. 237 (1856).

The judge filed no findings of fact or conclusions of law; apparently none was requested. The nunc pro tunc judgment, January 5, 1972, recited no fact finding. No statement of facts relating to this hearing was filed. In the absence of such a record of the lower court's fact findings, this Court must presume findings in support of the judgment, to-wit: the March 29 written draft erroneously stated the provisions of an orally rendered judgment. And in the absence of a statement of facts, this Court must presume that there was evidence at the hearing to support that implied finding necessary for the rendition of a valid nunc pro tunc judgment. Fort Worth & D. C. Ry. Co. v. Roberts, 98 Tex. 42, 81 S.W. 25 (1904), S. W. Slayden & Co. v. Palmo, 90 S.W. 908, affirmed 100 Tex. 13, 92 S.W. 796 (1906), Kostura v. Kostura, 469 S.W.2d 196 (Tex.Civ.App. 1971, no writ). See Rule 296.

The majority cites Universal Underwriters Insurance Co. v. Ferguson, 471 S.W.2d 28 (Tex.1971), Finlay v. Jones, 435 S.W.2d 136 (Tex.1968), Comet Aluminum Company v. Dibrell, 450 S.W.2d 56 (Tex.1970), and Lone Star Cement Corp. v. Fair, 467 S.W.2d 402 (Tex.1971), as cases in which this Court conditionally is-

---

1. All references to Rules are to the Texas Rules of Civil Procedure. Rule 329b determines the time at which a judgment becomes final. The nunc pro tunc judgment was signed at a time when a judgment rendered on March 29, 1971 would have been a final judgment under Rule 329b.

2. See Rules 316 and 317 pertaining to the correction of clerical error.

sued the writ to direct the setting aside of void nunc pro tunc judgments. In those cases, the nunc pro tunc judgments recited the fact findings of the court. With such records of the fact findings, the Relators in those cases were able to show that the lower courts erred in their application of the law to the facts. As noted earlier, the nunc pro tunc judgment in this case recited no fact finding.

The majority also cites McHone v. Gibbs, 469 S.W.2d 789 (Tex.1971), McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961), Buttery v. Betts, 422 S.W.2d 149 (Tex.1968), and Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823 (1961). Each of those cases involved a court's improper attempt to affect a judgment after the judgment had become final under Rule 329b; however, it does not appear that in any of those cases the lower court's action was predicated upon the correction of a clerical error by nunc pro tunc judgment pursuant to Rule 316. Therefore, those decisions are not in point because they did not involve a finding on a dispute as to *clerical error,* i. e., that finding which is necessarily made in a nunc pro tunc judgment case.

Relying on Rule 419, Rule 491 and Rule 496,[3] the majority holds in effect that on application for writ of mandamus the judges of this Court may find the facts based on the uncontroverted allegations contained in Relator's verified application in this Court and the certified copy of the docket sheet attached thereto. It was stated in City of Caldwell v. Schumacher, 204 S.W. 2d 471 (Tex.Civ.App.1947, reversed on other grounds, 146 Tex. 265, 206 S.W.2d 243), that "the purpose of the Rule that any statement made by appellant in his original brief as to the facts or the record may be accepted as correct, unless challenged by opposing party, is to enable appellant to

make a short statement of matters concerning which there is no dispute and to relieve the appellate court of any duty of briefing a case for appellee."

It is apparent to this writer that the Rule was not adopted to allow a reviewing court, in the absence of a statement of facts, to find vital facts in contradiction to those impliedly found by a lower court. In any event, I believe that the statement from Relator's brief quoted by the majority was sufficiently challenged by Respondent in his brief so as to avoid the effect given by the majority to Rule 419. The majority accepts as correct Relator's statement that Judge Snell made no pronouncement when the jury returned its verdict.[4] Respondent stated at page 3 of his brief ·

"The whole point of this matter is to show that such action as was followed by Respondent Judge John Snell, Jr., *was at no time ever adjudicated,* and as pointed out in Respondent's Motion to Correct Judgment . . . the judgment, if corrected would not change the status of the parties . . . but only to show the *proper judgment rendered."* (Emphasis added).

That statement could mean that Respondent's contention, in direct opposition to Relator's contention which the majority accepts as correct, is that the actual judgment rendered by the court was not embodied in the March 29 draft. Although the docket sheet is evidentiary, it is not conclusive, and in the absence of a record of all the evidence it does not overcome the presumption in favor of Judge Snell's action.

Respondent pleaded before the lower court that the fence provision in the March 29 draft was a clerical error. From evidence produced at the hearing and/or the Judge's recollection, facts were found from

---

3. Rule 419 provides: "Any statement made by appellant in his original brief as to the facts or the record may be accepted by the court as correct unless challenged by opposing party." Rule 491 makes Rule 419 applicable to cases in the

Supreme Court. Rule 496 directs compliance in this Court with the briefing rules set forth for cases in Courts of Civil Appeals.

4. See footnote 2 of the majority opinion.

which it was determined that a nunc pro tunc judgment pursuant to Rule 316 was proper. In the absence of a statement of facts, and in the absence of a record of the lower court's findings, this Court should indulge every presumption in support of this nunc pro tunc judgment. The majority assumes away the factual dispute on clerical error, and grants the relief sought just because the language of the nunc pro tunc judgment is different from the language of the March 29 draft of judgment. In my view, we do not reach the question of law posed by the variance in the language of the two drafts, i. e., whether or not the error was judicial or clerical, because of the presumption that the facts impliedly found support Judge Snell's conclusion that it was clerical error.

Because the Relator has failed to carry the burden of showing that Judge Snell did not properly correct a clerical error, I would deny the petition for mandamus.

