NO









NO. 12-10-00313-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

                                                                             '     

IN RE: ROBERT C. MORRIS,

RELATOR                                                          '     ORIGINAL
PROCEEDING

 

                                                                             '     

 





MEMORANDUM
OPINION

PER
CURIAM

            In
this original mandamus proceeding, Relator Robert C. Morris complains that the
trial court signed an order setting aside a default judgment it granted against
three of the four defendants Morris named in his lawsuit.  He argues that the
default judgment was final and therefore the trial court lacked plenary power
to set it aside.  Accordingly, he urges that the order setting aside the
default judgment is void and the trial court abused its discretion by signing
it.

            Mandamus
will issue only to correct a clear abuse of discretion when there is no
adequate remedy by appeal.  In re Cerberus Capital Mgmt., L.P.,
164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding); Walker v. Packer,
827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).  But mandamus is
available to challenge a void order, even if the order was appealable and the
party requesting relief failed to pursue an appeal.  Dikeman v. Snell,
490 S.W.2d 183, 186 (Tex. 1973); see also In re Sw. Bell
Tel. Co., 35 SW.3d 602, 605 (Tex. 2000) (orig. proceeding) (when order
is void, relator need not demonstrate inadequacy of appellate remedy).

            Here,
the default judgment was granted on February 4, 2010, but did not dispose of
all parties in Morris’s suit.  A default judgment that fails to dispose of all
parties can be final only if the “intent to finally dispose of the case” is
“unequivocally expressed in the words of the order itself.”  See In re
Burlington Coat Factory Warehouse of McAllen, Inc., 167 S.W.3d 827, 830
(Tex. 2005) (quoting Lehmann v. Har-Con Corp., 39 S.W.3d 191, 200
(Tex. 2001)).  The record in this proceeding does not include a copy of the written
order granting the default judgment.  Therefore, we are unable to address Morris’s
contention that the order was final.  Without a determination that the order
granting the default judgment was final, we cannot conclude that the trial
court lacked plenary power to set aside the default judgment.  Consequently,
Morris has not established that the order setting aside the default judgment is
void.

            Absent
a showing that order setting aside the default judgment is void, Morris has not
established that the trial court abused its discretion in signing the order. 
Therefore, he has not satisfied the first prerequisite to mandamus. 
Accordingly, the petition for writ of mandamus is denied. 

Opinion delivered October 20, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)