# NO. 12-10-00313-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | § | |
|---|---|---|
| *IN RE: ROBERT C. MORRIS,* | | |
| *RELATOR* | § | *ORIGINAL PROCEEDING* |
| | § | |

*MEMORANDUM OPINION*
*PER CURIAM*

In this original mandamus proceeding, Relator Robert C. Morris complains that the trial court signed an order setting aside a default judgment it granted against three of the four defendants Morris named in his lawsuit. He argues that the default judgment was final and therefore the trial court lacked plenary power to set it aside. Accordingly, he urges that the order setting aside the default judgment is void and the trial court abused its discretion by signing it.

Mandamus will issue only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). But mandamus is available to challenge a void order, even if the order was appealable and the party requesting relief failed to pursue an appeal. *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex. 1973); *see also In re Sw. Bell Tel. Co.*, 35 SW.3d 602, 605 (Tex. 2000) (orig. proceeding) (when order is void, relator need not demonstrate inadequacy of appellate remedy).

Here, the default judgment was granted on February 4, 2010, but did not dispose of all parties in Morris's suit. A default judgment that fails to dispose of all parties can be final only if the "intent to finally dispose of the case" is "unequivocally expressed in the words of the order itself." *See In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005) (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001)). The record in this proceeding does not include a copy of the written order granting the default judgment. Therefore, we are unable to address

Morris's contention that the order was final. Without a determination that the order granting the default judgment was final, we cannot conclude that the trial court lacked plenary power to set aside the default judgment. Consequently, Morris has not established that the order setting aside the default judgment is void.

Absent a showing that order setting aside the default judgment is void, Morris has not established that the trial court abused its discretion in signing the order. Therefore, he has not satisfied the first prerequisite to mandamus. Accordingly, the petition for writ of mandamus is ***denied***.

Opinion delivered October 20, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)