# IN THE SUPREME COURT OF TEXAS

════════════

No. 19-0959

════════════

IN THE INTEREST OF G.X.H., JR. AND B.X.H., CHILDREN

══════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS

══════════════════════════════════════════

**Argued February 3, 2021**

JUSTICE HUDDLE delivered the opinion of the Court.

JUSTICE GUZMAN filed a concurring opinion, in which JUSTICE BUSBY joined.

The Texas Legislature enacted Texas Family Code section 263.401 to encourage prompt resolution of suits in which the Department of Family and Protective Services requests termination of the parent-child relationship or requests that the Department be named conservator of a child. Section 263.401 does this by requiring trial courts presiding over such suits to commence the trial on the merits within one year after the initial temporary order. In extraordinary circumstances defined in section 263.401(b), trial courts may extend that one-year deadline, or "dismissal date" in the parlance of the statute. But if the trial court neither commences trial by the dismissal date nor extends it in accordance with section 263.401(b), the statute dictates a dire consequence: the trial court's jurisdiction over the suit "is terminated and the suit is automatically dismissed." TEX. FAM. CODE § 263.401(a).

The parents in this case appealed the trial court's Final Decree terminating their parental rights to two children. They argued the Final Decree is void because the trial on the merits did not commence before the dismissal date and Family Code section 263.401 divested the trial court of jurisdiction months before the Final Decree was signed. The court of appeals agreed and held the Final Decree void. The Department and the children's attorney *ad litem* petitioned this Court, arguing, among other things, that the Final Decree is not void either because the trial on the merits had, in fact, commenced before the dismissal date or because the trial court extended the dismissal date under section 263.401(b).

We granted both petitions for review and conclude the trial court extended the dismissal date in accordance with section 263.401(b) and thus remained vested with jurisdiction over the suit when it entered the Final Decree. Accordingly, we reverse the judgment of the court of appeals.

## I. Background

R.L.C. (Mother) and G.X.H., Sr. (Father) are the parents of two children: G.X.H., Jr. and B.X.H. In 2017, the Department of Family and Protective Services received a referral alleging physical abuse of B.X.H., then two months old, by Father. The referral alleges that physicians at Texas Children's Hospital determined B.X.H. had left- and right-side rib fractures, a pelvic fracture, a bruised right eye, and a possible shoulder fracture. On September 21, 2017, the Department filed suit seeking an adjudication of paternity and termination of both parents' rights to the children. That same day, the trial court entered a temporary order appointing the Department the children's temporary managing conservator. This started the clock on the one-year countdown

toward the section 263.401 dismissal date.[1]  As section 263.401 requires, the trial court advised the parties the dismissal date was September 24, 2018.

The court scheduled the trial for August 22, 2018, one month before the dismissal date. But the trial did not start then.  Rather, on August 27, the Department filed both a Motion for Continuance and a Motion to Retain Suit on Court's Docket and Set New Dismissal Date. Attached to the Motion for Continuance was a Notice of Hearing setting the motion for hearing on August 29 with a certificate of service reflecting it was served on all parties.  The Department's motion to retain expressly stated that it sought an extension of the automatic dismissal date, that extraordinary circumstances necessitate the children remain in the Department's temporary managing conservatorship, and continuing the Department's appointment as temporary managing conservator was in the children's best interest.  The Department requested that the trial court retain the suit on its docket under Texas Family Code section 263.401(b) and set a new dismissal date of March 23, 2019.

Although the Department submitted a proposed order with its motion to retain, the trial court did not sign it.  Instead, on August 29, 2018, the trial court made this docket entry:

> Motion for continuance – cps, strickling, cooper, parents, serious injury case, med recs missing for trial, agreed continuance – 10/17/18 for trial, extension granted to reach the agreed trial date; trial – 10/17/18[2]

On October 17, after noting on the record that all parties were "[h]ere for trial," the trial court received testimony from one witness before recessing the trial.  The trial court later extended

---

[1] The initial dismissal date is "the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator." TEX. FAM. CODE § 263.401(a). The trial court must notify all parties of the automatic dismissal date at least 60 days before. *Id.*

[2] The docket entry's references to "strickling" and "cooper" appear to be references to counsel for the Department and the attorney *ad litem* appointed to represent the children, respectively.  Mother contends her counsel was not present at this hearing and thus could not have agreed to a continuance of the trial date.

the trial recess to "12-18" and issued a Permanency Hearing Order stating that the new dismissal date is "12/18/19." The trial resumed on December 18, 2018, and neither parent complained about inadequate notice of the hearing on the Department's August motion for continuance or the fact that the trial court was continuing to exercise jurisdiction over the suit. On the contrary, Father requested a further continuance of the trial because he had been arrested that month for charges related to B.X.H.'s injuries.

The trial court denied Father's motion for continuance and heard testimony from three witnesses—Mother, Father, and the Department supervisor assigned to the case. Mother testified that Father had a history of being physically abusive to her, including while she was pregnant. She also believed Father caused B.X.H.'s injuries when she left B.X.H. in Father's care. She left work on the day B.X.H. was injured to find Father removing a wipe from B.X.H.'s throat while B.X.H. was vomiting milk and had a bloody mouth. At the trial's conclusion, the trial court found that clear and convincing evidence supported termination of both parents' parental rights under Texas Family Code section 161.001(B)(1)(D), (E), and (O), and that termination was in the children's best interest. Two days later, the trial court signed the Final Decree, which terminated the parental rights of both Mother and Father.

Both parents appealed, arguing that the Final Decree is void because the trial on the merits had not commenced before the September 24 dismissal date and, therefore, Family Code section 263.401 automatically divested the trial court of jurisdiction on that date, which was nearly three months before it signed the Final Decree. Alternatively, the parents argued the evidence is legally and factually insufficient to support termination. The Department countered that (1) the trial court never lost jurisdiction because the trial on the merits commenced when the trial court held an evidentiary paternity hearing in February 2018; (2) even if the trial court lost jurisdiction

4

on September 24, 2018, a permanency report the Department filed four days later conferred jurisdiction anew; (3) if section 263.401 operated to deprive the trial court of jurisdiction, it is unconstitutional; and (4) sufficient evidence supported termination. Without reaching the merits of the parents' sufficiency challenges, the court of appeals held the Final Decree was void because the trial court did not timely commence trial on the merits, and its jurisdiction over the suit terminated on the initial dismissal date—September 24, 2018. 584 S.W.3d 543, 546 (Tex. App.— Houston [14th Dist.] 2019).

The Department filed a Motion for Rehearing *En Banc* in which it argued, for the first time, that the passage of the initial dismissal date did not divest the trial court of jurisdiction because the trial court granted an extension as permitted by section 263.401(b) and thus retained jurisdiction beyond September 24. The court of appeals denied the Department's en banc motion without opinion.

In this Court, the Department and the children's *ad litem* raise the following issues: (1) the February 2018 proceeding to adjudicate parentage commenced the trial on the merits and halted section 263.401's dismissal clock; (2) the trial court extended the dismissal date under 263.401(b) in August 2018 and retained jurisdiction to enter the Final Decree in December 2018; (3) the permanency report filed four days after the initial September 24 dismissal date conferred jurisdiction on the trial court anew; (4) the court of appeals improperly vacated the judgment on an argument that was raised for the first time on appeal; and (5) if it operated to deprive the trial court of jurisdiction, section 263.401 is unconstitutional. The parents respond by arguing, among other things, that Petitioners waived any argument that the trial court extended the dismissal date by failing to raise that argument in the Department's appellee's brief in the court of appeals. Because this waiver argument is a threshold issue, we address it before turning to the merits.

5

## II. Preservation of grounds to affirm the trial court

The court of appeals noted, "[i]t is undisputed the trial court did not grant an extension under Subsection (b) or (b–1)." *Id.* at 546. It likely reached this conclusion because the Department did not argue in its appellee's brief that an extension had been granted. Indeed, the Department first raised this argument in its motion for en banc reconsideration. Mother and Father contend this argument came too late, and is therefore waived.

Our rules regarding preservation are clear that, with limited exceptions, a party cannot obtain reversal of a trial court's judgment on appeal based on an error that was never raised in the trial court. *See* TEX. R. APP. P. 33.1(a), 53.2(f). But our rules provide little guidance about what is required to preserve an argument that would *support* the trial court's judgment if the court of appeals reverses that judgment. We addressed this issue in *Gilbert Texas Construction, L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118 (Tex. 2010). There, a construction company was sued for breach of contract, and its liability insurer denied coverage. *Id.* at 123. The trial court concluded the claim was covered, but the court of appeals reversed, holding the claim fell within an exclusion. *Id.* In this Court, the insured challenged the court of appeals' judgment on the bases that (1) the exclusion did not apply; and (2) even if it did, an exception to the exclusion brought the claim back into coverage. *Id.*

We began by addressing the insurer's argument that the insured waived its argument about the inapplicability of the exclusion by failing to brief that issue in the court of appeals and instead presenting it for the first time in a motion for rehearing. *Id.* at 125. We held that, because the insured prevailed in the trial court, it did not need to raise this argument in its appellee's brief in the court of appeals, and it did not waive the issue by failing to do so. *Id.* We concluded: "[A]

6

complaint arising from the court of appeals' judgment may be raised either in a motion for rehearing in that court or in a petition for review in this Court." *Id.*

We find this case indistinguishable from *Gilbert*. Here, the Department prevailed in the trial court, and therefore did not need to raise every argument supporting the trial court's judgment in its appellee's brief in the court of appeals. The Department's complaint does not arise from any action of the trial court, but instead from the court of appeals' judgment that the trial court's jurisdiction terminated before it rendered the Final Decree. As we concluded in *Gilbert*, this complaint was not waived, but instead could be raised either in a motion for rehearing or a petition for review. *See id.*[3]

In support of her waiver argument, Mother cites Texas Rule of Appellate Procedure 53.2(f), which governs the issues presented in a petition for review. Rule 53.2(f) states: "If the matter complained of originated in the trial court, it should have been preserved for appellate review in the trial court and assigned as error in the court of appeals." TEX. R. APP. P. 53.2(f). But this rule does not help the parents' waiver contention. Here, the Department's complaint did not "originate[] in the trial court." *Id*. The Department obtained the relief it sought in the trial court, and thus had no reason to complain about the trial court's extension of the dismissal date or the court's subsequent Final Decree. Under Rule 53.2(f), there was nothing for the Department to preserve in the trial court and no error to assign in the court of appeals. Rather, the Department's complaint regarding the failure to give effect to the extension of the dismissal date only arose in

---

[3] While this Court is not precluded from considering arguments arising from the court of appeals' judgment that were not raised either in that court or in the trial court, neither are we, as a court of discretionary jurisdiction, obligated to consider such arguments. *See G.T. Leach Builders, LLC, v. Sapphire V.P., LP*, 458 S.W.3d 502, 519 (Tex. 2015) ("That is not to say that we *must* address and resolve an argument that the petitioner failed to raise in the court of appeals whenever the asserted error arose from that court's judgment. In the exercise of its discretionary jurisdiction, a court may elect to address the issue, or not.") (citing *United States v. Williams*, 504 U.S. 36, 41, 44–45 (1992)).

7

the court of appeals, when that court reversed the trial court's judgment and vacated the Final Decree for lack of jurisdiction. Under these circumstances, the Department's assertion of this argument both in a motion for rehearing and in its petition for review was timely. Accordingly, we reject the parents' waiver argument. *See Gilbert Tex. Constr., L.P.*, 327 S.W.3d at 125.

### III. Application of Texas Family Code section 263.401

In 2017, the Legislature amended Family Code section 263.401 to make the dismissal date *automatic* in cases in which the Department requests termination of the parent-child relationship or requests that the Department be named conservator of the child.[4] As amended, section 263.401(a) provides that if a trial court fails to commence the trial on the merits or grant an extension within one year after the trial court appointed the Department as temporary managing conservator, the trial court's jurisdiction terminates, and the case is automatically dismissed. TEX. FAM. CODE § 263.401(a). The self-executing dismissal operates as follows:

> Unless the court has commenced the trial on the merits or granted an extension under Subsection (b) or (b–1), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court's jurisdiction over the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child is terminated and the suit is automatically dismissed without a court order. Not later than the 60th day before the day the suit is automatically dismissed, the court shall notify all parties to the suit of the automatic dismissal date.

*Id.*

---

[4] The earlier version of section 263.401(a) at issue in *In re Department of Family & Protective Services*, 273 S.W.3d 637 (Tex. 2009) (orig. proceeding), included a dismissal deadline, but, under the statute as then written, the deadline was not jurisdictional. *Id.* at 642; *see* Act of May 28, 1997, 75th Leg., R.S., ch. 600, § 17, 1997 Tex. Gen. Laws 2108, 2112–13. On the contrary, section 263.402 at that time stated that a party who failed to file a timely motion to dismiss the suit waived its right to object if the case was not dismissed. *See* Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 9, 2001 Tex. Gen. Laws 2395, 2396–97 (codified at TEX. FAM. CODE § 263.402(b) (repealed 2017)). The Legislature's 2017 amendments changed the consequence of expiration of the statutory deadline (without an extension or commencement of the trial) so that it is now jurisdictional. *See* Act of May 28, 2017, 85th Leg., R.S., ch. 319, § 12, 2017 Tex. Gen. Laws 713, 718–19 (codified at TEX. FAM. CODE § 263.401(a)) ("[T]he court's jurisdiction over the suit . . . is terminated and the suit is automatically dismissed without a court order."). The Legislature also deleted the waiver provision in section 263.402(b). *Id.* § 13.

Here, it is undisputed that the trial court rendered an order appointing the Department temporary managing conservator on September 21, 2017. It is also undisputed that the first Monday after the first anniversary of that date is September 24, 2018. Therefore, unless the trial court either (1) "commenced the trial on the merits," or (2) "granted an extension under Subsection (b) or (b–1)," the court's jurisdiction over the case would terminate on September 24, 2018, the suit would be "automatically dismissed without a court order" on that same date, and any orders after that date would be void. *See Dikeman v. Snell*, 490 S.W.2d 183, 186–87 (Tex. 1973) (holding an order entered after the trial court loses jurisdiction is facially void).

Section 263.401(b) sets forth the circumstances in which the automatic dismissal date—and thus the trial court's jurisdiction over the suit—may be extended.[5] It provides:

> Unless the court has commenced the trial on the merits, the court may not retain the suit on the court's docket after the time described by Subsection (a) unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child. If the court makes those findings, the court may retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a). If the court retains the suit on the court's docket, the court shall render an order in which the court:
>
> > (1) schedules the new date on which the suit will be automatically dismissed if the trial on the merits has not commenced, which date must be not later than the 180th day after the time described by Subsection (a);
> >
> > (2) makes further temporary orders for the safety and welfare of the child as necessary to avoid further delay in resolving the suit; and
> >
> > (3) sets the trial on the merits on a date not later than the date specified under Subdivision (1).

TEX. FAM. CODE § 263.401(b).

---

[5] Subsection (b–1) addresses situations in which the trial on the merits is timely commenced, but the trial court grants a motion for new trial or mistrial, or the case has been remanded from the court of appeals. TEX. FAM. CODE § 263.401(b–1). This provision does not apply here, and we do not address it.

The first sentence of subsection (b) thus provides a prerequisite for granting an extension of the dismissal date: the trial court must find (1) extraordinary circumstances necessitate the children remaining in the Department's temporary managing conservatorship, and (2) continuing the appointment of the Department as temporary managing conservator is in the children's best interest. *Id.* Subsection (b)'s second sentence limits the length of the extension to 180 days. *Id.* And the third sentence directs the trial court that has granted an extension to render an order that does three things: schedules the new dismissal date, makes further temporary orders as necessary for the children's safety and welfare, and sets the trial date. *Id.*

About one month before the September 24, 2018 automatic dismissal date in this case, the Department filed a motion to retain the suit on the court's docket and set a new dismissal date. The Department's motion tracked the required findings, asserting "[t]here are extraordinary circumstances that necessitate the children remaining in the temporary managing conservatorship of the Department" and "continuing the appointment of the Department as temporary managing conservator is in the best interest of the children." The Department prayed that the trial court "retain this suit on the Court's docket" under section 263.401(b) and set a new dismissal date of March 23, 2019. The same day, the Department also filed a motion for continuance, seeking a continuance of unspecified length "for the trial of this cause." The motion for continuance included a notice that the motion would be heard on August 29.

The trial court did not sign either of the Department's proposed orders. But the trial court's docket sheet includes an entry dated August 29, 2018—the date on which the Department's motion for continuance was noticed for hearing—reflecting that the trial court granted both an "agreed continuance" of the trial date until October 17, 2018, and an "extension" through that same date, as italicized below:

10

> Motion for continuance – cps, strickling, cooper, parents, serious injury case, med recs missing for trial, *agreed continuance – 10/17/18 for trial*, *extension granted to reach the agreed trial date*; trial – 10/17/18

The Department asserts this docket entry was sufficient under section 263.401(b) to avoid automatic dismissal and retain jurisdiction over the case. We agree with the Department.

"Generally, docket sheet entries are insufficient to constitute a decree of the court." *See In re A.F.*, No. 02-19-00117-CV, 2019 WL 4635150, at *9 (Tex. App.—Fort Worth Sept. 24, 2019, no pet.). But the Texas Family Code alters this general rule in suits affecting the parent-child relationship, including parental-rights-termination cases. *Id.* Family Code section 101.026 expressly provides that a court may pronounce or render an order on its docket sheet. TEX. FAM. CODE § 101.026 (pronouncement may be made orally in the presence of the court reporter or in writing, "including on the court's docket sheet or by a separate written instrument").

The trial court's docket sheet reflects that on August 29, 2018, it granted both an agreed continuance of the trial date to October 17, 2018, and an "extension . . . to reach the agreed trial date." We conclude the only reasonable interpretation of this docket entry—which was entered on the date of the hearing on the Department's motion for continuance—is that the trial court granted both a continuance of the trial date and an extension of the automatic dismissal date under section 263.401(b).

After thus extending the dismissal date on August 29, the trial court proceeded with the trial on the merits on October 17. On that day, the trial court admitted testimony of one of the Department's witnesses before recessing. Neither parent contends that this did not qualify as a commencement of the trial on the merits, and there is no dispute that this was well within the 180-day maximum period for which commencement of trial could have been delayed. Accordingly, the trial court's extension of the automatic dismissal date, as reflected on its August 29 docket

entry, allowed the trial court to retain jurisdiction beyond September 24 and throughout the time it took to complete the trial on the merits and enter the Final Decree in December 2018. Because section 263.401(a) never divested the trial court of jurisdiction, the Final Decree is not void. TEX. FAM. CODE § 263.401(a), (b); *see also Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005) ("A judgment is void only when it is apparent that the court rendering judgment 'had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act.'" (quoting *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985) (orig. proceeding))).

Mother and Father advance several arguments why, in their view, the trial court's extension of the dismissal date was invalid: (1) the trial court did not make the required findings in writing; (2) there is no reporter's record of an oral hearing on the Department's motion to extend the dismissal date; (3) the trial court failed to enter an order setting the new dismissal and trial dates before the initial dismissal date passed; and (4) estoppel or the invited-error doctrine bars the Department from arguing that the trial court's extension of the dismissal date was valid. We address these arguments in turn.

## A. Findings of fact

Mother and Father contend there was no valid extension of the automatic dismissal date because the two findings required by section 263.401(b) do not appear in the record. As noted above, section 263.401(b) permits a court to retain the suit beyond the initial dismissal date if it finds: (1) extraordinary circumstances necessitate that the Department remains the children's temporary managing conservator, and (2) continuing that appointment is in the children's best interest. TEX. FAM. CODE § 263.401(b). We recognized the importance of these two findings in *In re Department of Family & Protective Services*, 273 S.W.3d 637 (Tex. 2009) (orig. proceeding).

There we noted that, under the statute, "[t]he court cannot just enter an extension order." *Id.* at 643. Rather, "the court must make [the two] specific findings to support the extension order." *Id.* The same holds true today, as section 263.401(b) requires a court to make these findings as a prerequisite to granting an extension. But in the absence of textual evidence to this effect, it does not follow that a trial court's failure to include the findings in a written order before the dismissal date passes causes it to lose jurisdiction. On the contrary, as noted above, Family Code section 101.026 permits trial courts to render orders orally in the presence of the court reporter or in writing on its docket sheet or by a separate written instrument. TEX. FAM. CODE § 101.026. In the absence of a specific statutory requirement to the contrary, trial courts may likewise make required findings as permitted by section 101.026, including on the record in the presence of a court reporter.

Here, the trial court held an oral hearing on the Department's motion for continuance weeks before the initial dismissal date. No party filed a response opposing a continuance of the trial date or extension of the dismissal date. Indeed, the docket entry created on the date of the oral hearing reflects that the trial court granted the extension and that the parties agreed to the continuance of the trial. The parents now complain about the absence of written findings required by section 263.401(a). We note, first, that nothing in the record reflects the parents ever raised this complaint in the trial court. *See* TEX. R. APP. P. 33.1. More importantly, the parents ignore that trial courts are empowered to make the section 263.401(a) findings in writing in a separate instrument or orally in the presence of a court reporter. TEX. FAM. CODE § 101.026. Where, as here, the trial court held an oral hearing on the proposed extension and the parties failed to bring forth the record of that hearing on appeal, we will presume the trial court made the necessary findings to support the extension orally on the record at the hearing. *See Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d

13

471, 480 (Tex. 2017) (in the absence of a request for written findings following a nonjury trial, all necessary fact findings are implied); *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002) (all facts necessary to support a special appearance ruling are implied if no findings of fact are issued or requested). Trial courts should make the section 263.401(b) findings in a written order as a matter of course, but we hold that the failure to do so is not error, provided the findings are made orally on the record or in some other writing. We further hold that, where the trial court granted an extension after conducting an oral hearing and the record of that hearing is not made part of the record on appeal, courts may imply the section 263.401(a) findings were made on the record at the oral hearing.[6]

## B. Notice and record of the hearing

Mother and Father raise various complaints about the hearing on the Department's motion to retain. They contend the absence of a record supports their contention that the trial court did not make the required findings. Mother also complains that she did not get three days' notice of the hearing and suggests no hearing was held.

Turning first to the text of section 263.401(b), we see no requirement that the court hold a hearing before extending the dismissal date. TEX. FAM. CODE § 263.401(b); *see In re T.T.F.*, 331 S.W.3d 461, 475 (Tex. App.—Fort Worth 2010, no pet.) ("[T]he plain language of section 263.401

---

[6] Father claims in his brief that he attempted to secure a record of the August 29 hearing, but "[n]o record was taken and none exists." This assertion is not supported by the record. The appellate record does not contain any indication that Father requested the inclusion of a record of the August 29 hearing. *See* TEX. R. APP. P. 34.5(a)(9) (mandating the clerk's record include "any request for a reporter's record"). In the absence of any record evidence to the contrary, we presume the court reporter was present at the hearing. *See* TEX. FAM. CODE § 105.003(c) ("A record shall be made as in civil cases generally unless waived by the parties with the consent of the court."). Even if the reporter was not present, no objection was raised, and thus any complaint that the August 29 hearing was not recorded is waived. *See Baker v. Curphy*, No. 09-15-00528-CV, 2016 WL 5224753, at *1 (Tex. App.—Beaumont Sept. 22, 2016, no pet.) (mem. op.) (holding party waived his complaint that the reporter failed to make a record under section 105.003(c) because he did not object); *In re D.J.M.*, 114 S.W.3d 637, 639 (Tex. App.—Fort Worth 2003, pet. denied) (same).

does not require the trial court to conduct a hearing before granting an extension."). When the Legislature intends to require a hearing as a prerequisite to taking a particular course of action, it says so. *See, e.g.*, TEX. FAM. CODE § 109.001(a) (stating a court may make any order protecting a child's safety and welfare during the pendency of an appeal "after notice and hearing"). There is no mention of a hearing requirement in section 263.401, and we cannot rewrite the statute to create one when the Legislature chose not to. *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 571 (Tex. 2014) ("We must rely on the words of the statute, rather than rewrite those words to achieve an unstated purpose."). Regardless, the record here reflects that the trial court did hold a hearing on the Department's motion, during which it addressed both the continuance of the trial date and the extension of the dismissal date. As noted above, under these circumstances, we imply the necessary findings were made on the record at that oral hearing.

We also reject the parents' contention that the absence of a record of the hearing supports their claim that there was insufficient evidence to support the findings required by section 263.401(b). In the absence of a record, we presume the evidence was sufficient to support the trial court's findings. *See In re D.S.*, 602 S.W.3d 504, 510 n.9 (Tex. 2020). It is Mother and Father, not the Department, who are challenging the trial court's extension of the dismissal date. It is thus the parents who bore the burden to bring forth on appeal a record to demonstrate the absence of evidence to support the required findings. *See id*. Moreover, to preserve their complaints about the absence of a record of the hearing, inadequate notice of the hearing, or the trial court's purported failure to hold a hearing, the parents were required to raise these complaints in the trial court. They failed to do so, and these complaints are therefore waived. *See* TEX. R. APP. P. 33.1.

**C. Order setting new trial and automatic dismissal dates**

Mother and Father also argue the extension was invalid because the trial court failed to enter an order setting a new dismissal date and trial date before the initial dismissal date passed. We disagree. The last sentence of section 263.401(b) requires the court to render an order that contains a new dismissal date and trial date and makes further temporary orders for the safety and welfare of the children "as necessary" to avoid further delay. TEX. FAM. CODE § 263.401(b). But there is no requirement in the statute that this order be rendered before the initial dismissal date.

The requirements the trial court must satisfy are those expressly written in the statute. And the trial court has satisfied them in this case. It specified the new trial date—October 17—in its August 29 docket entry. It made no further temporary orders, but those are not required in every case. Rather, section 263.401(b) requires further temporary orders only "as necessary to avoid further delay," and neither parent complains of their absence here. *Id.* § 263.401(b)(2). Finally, the trial court specified the new dismissal date in its October 30 order. Although the parents contend the trial court was required to reset the dismissal date in writing *before* the September 24 dismissal date, nothing in section 263.401(b) requires this. The final sentence of section 263.401(b) merely requires the court to issue an order addressing these three matters "[i]f the court retains the suit on the court's docket." [7] *Id.*

In sum, we conclude that, while a trial court's failure to timely extend the automatic dismissal date before that date passes—through a docket-sheet notation or otherwise—is

---

[7] The Department concedes that the trial court's October 30 order extended the dismissal date by more than the 180 days allowed by section 263.401(b). It characterizes the error as a clerical one that may be corrected under Texas Rule of Civil Procedure 316, because the trial court handwrote a dismissal date of "12/18/19" when, according to the Department, the trial court likely intended to write "12/18/18." We need not address this issue further, because a trial court's error in setting the new dismissal date beyond the 180-day maximum has no jurisdictional consequence where, as here, it is undisputed that the trial commenced, at the latest, within the 180-day maximum extension period. TEX. FAM. CODE § 263.401(b).

jurisdictional, claimed defects relating to the other requirements of 263.401(b) are not. Accordingly, with the exception of a trial court's failure to extend the automatic dismissal date before it passes, complaints regarding the trial court's compliance with the requirements in subsection (b) must be preserved for appellate review. Because the parents failed to preserve them in this case, we hold their complaints regarding the timing and form of the order resetting the trial and dismissal dates are waived. *See* TEX. R. APP. P. 33.1.

### D. Estoppel and invited-error doctrine

Finally, Mother argues that three legal doctrines—appellate estoppel, quasi-estoppel, and the invited-error doctrine—bar the Department's reliance on the extension of the dismissal date to support reinstatement of the Final Decree. We disagree. The invited-error doctrine, like estoppel, may operate when a party has taken some previous action or position that is inconsistent with its current position. *See In re Dept. of Family & Protective Servs.*, 273 S.W.3d at 646 (invited-error doctrine applies when "a party requests the court to make a specific ruling, then complains of that ruling on appeal"); *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005) (estoppel requires a party to have "unequivocally taken a position in the trial court that is clearly adverse to its position on appeal"). Here, Mother does not point to any previous inconsistent conduct by the Department. Instead, she complains that the Department failed to act—specifically, that it failed to raise the extension of the dismissal date as a basis for affirmance in its appellee's brief in the court of appeals. The Department's position in this Court is consistent with the position it had taken all along: the trial court had jurisdiction when it entered the Final Decree. We conclude both estoppel and the invited-error doctrine are inapplicable.

17

## IV. Conclusion

We hold that the trial court's pronouncement of an extension of the initial dismissal date in its docket-sheet entry satisfied Texas Family Code section 263.401(b) and allowed the trial court to retain the suit on its docket beyond the initial dismissal date and through the date of the Final Decree. We need not address Petitioners' other issues because they would not afford any greater relief. *See United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 483 (Tex. 2017); *see also In re B.L.D.*, 113 S.W.3d 340, 349 (Tex. 2003) ("As a rule, we only decide constitutional questions when we cannot resolve issues on nonconstitutional grounds.").

The trial court's Final Decree terminating Mother's and Father's parental rights is not void because the trial court properly extended the initial dismissal date under Texas Family Code section 263.401(b) and thus retained jurisdiction over the case beyond the initial dismissal date and through the date of the Final Decree. We reverse the court of appeals' judgment, and we remand the case to the court of appeals to address the remaining issues asserted by Mother and Father in that court.

_____
Rebeca A. Huddle
Justice

**OPINION DELIVERED:** April 30, 2021

18